MARTHA HEMPSTED and Husband vs. W. W. CARGILL and another.

May 9, 1891.

Condemnation for Mill-Dam — Appeal to District Court — Approval of Bond.—A bond on appeal to the district court from the award of commissioners in condemnation proceedings under the mill-dam act may be approved by a court commissioner, although the statute prescribes that it shall be approved by the judge of the district court. An approval of a bond involves a determination that it is sufficient in amount.

Same — Appeal to Supreme Court — Want of Jurisdiction must Affirmatively Appear.—On appeal from a judgment of the district court in such proceedings, the appellant seeking a reversal of the judgment upon the ground that there had been no effectual appeal, so as to give jurisdiction to that court, must show affirmatively that there was no jurisdiction. From a statement of facts prepared by such appellant, and authenticated by the district court as true, and which shows merely such a publication of a notice of appeal as would be ineffectual, it is not to be *inferred* that the notice of appeal was not served in any other manner.

Appeal by W. W. Cargill and S. D. Cargill from a judgment (of $505.09) of the district court for Houston county, to which the respondents had appealed from an award of commissioners in condemnation proceedings instituted by appellants, and where the appeal was tried before *Farmer*, J., and a jury.

*C. N. Enos*, for appellants.

*S. B. McIntire*, for respondents.

DICKINSON, J.[1]   The above appellants instituted proceedings under the statute to acquire the right to construct and maintain a mill-dam at a height which would result in overflowing lands of the respondents.   After an award by commissioners the proceeding came before the district court, and was there tried as though an appeal had been properly perfected, and judgment was entered, wherein it is recited that these respondents had duly appealed to that court from the award of the commissioners.   This is an appeal from that judgment.   The sole ground upon which a reversal is sought is that the district court had no jurisdiction, because, as the contention is, the appeal was not taken within the time limited by statute therefor,—30 days after notice of the filing of the commissioners' report, —and because the bond, although approved by the court commissioner of the county, was not approved by the judge of the district court, nor was the amount of the bond fixed by him.

Assuming that it was essential to the acquiring of jurisdiction by the court that the requirement of the statute as to a bond be complied with, we are of opinion that this was done.   The court commissioner, having the authority of a district judge at chambers, might discharge the prescribed official duties of the latter officer respecting such bonds.   The approval of the bond by the proper officer involved a determination as to the amount for which the bond should be given, and it was not necessary that the amount be fixed by a separate order.

The appellants assume to show by a statement of facts, embraced in and allowed as part of a bill of exceptions, that the appeal was not taken in time, if at all.   The contention of the respondents that this is not shown must be sustained, and it is unnecessary to consider whether an appeal can be perfected in such cases by a publication of the notice, where the adverse parties are non-residents of the state.   Even if it be assumed that an appeal cannot be, or that it was not in this case, perfected in that manner, it does not appear that the court did not acquire jurisdiction by a personal and timely

[1] Gilfillan, C. J., and Mitchell, J., did not hear the argument or participate in this decision.

service of the notice.   The appellants are not entitled to have the judgment from which they appeal reversed for want of jurisdiction unless the defect be affirmatively shown.   Error is not to be presumed.   While the statement of facts above referred to shows that these appellants were non-residents of the state, and that a notice of an appeal by these respondents to the district court was published for seven weeks in a newspaper, it does not show, and it is not to be inferred, that the notice was not served in any other manner; hence it fails to show that the court did not acquire jurisdiction.   This conclusion is not in conflict with the decision in *Barber* v. *Morris,* 37 Minn. 194, (33 N. W. Rep. 559.)   As it was incumbent on the appellants, to show the fact relied upon for a reversal of the judgment, the statement of the facts which they prepared for that specific purpose, and had authenticated as true, does not justify an inference in favor of the appellants that the facts stated were all of the facts relating to the manner of the service of the notice of appeal.   The rule of presumption in such a case is different from that to be applied when the record of an action—the judgment roll—purports to show the manner in which jurisdiction was acquired, as was the case in *Barber* v. *Morris.*

Judgment affirmed.

NOTE.   A motion for a reargument of this case was denied June 2, 1891.