[No. 4419.]

COLBURN V. SEYMOUR.

1. APPELLATE PRACTICE—APPEAL BOND—APPROVAL BY DEPUTY CLERK.

Where an appeal was allowed and by order of the court the clerk was directed to approve the appeal bond, the bond could be approved by a deputy clerk in the name of his principal.

2. SAME—JUSTIFICATION OF SURETY—SIGNING AFFIDAVIT.

Where an appeal bond was properly signed on its face by the principal and sureties, and the clerk approving the bond certified that the sureties appeared before him and made oath to the matters required in the statute, the fact that the sureties did not sign their names to the affidavit would not invalidate the bond.

*Appeal from the District Court of Arapahoe County.*

Mr. J. F. VAILE and Mr. J. C. HELM, for appellant.

Mr. C. J. HUGHES, Jr., for appellee.

*Per Curiam.*— This is a motion to dismiss the appeal on the ground that appellant has given no appeal bond which has been executed and approved according to law. The particular objections are that the bond filed was not approved by the clerk of the court, but by his deputy, and that the sureties did not sign the affidavit of justification.

1. The statute (Mills' Ann. Code, §388) authorizes the allowance of an appeal, "provided, the party praying for such appeal shall, by himself, or agent, or attorney, give bond with a sufficient surety, to be approved by the court from which the appeal is taken (or the clerk thereof when the order granting such appeal may so direct). * * * " In this case an order was made by the court directing the clerk to approve the bond. The bond was not approved by the clerk personally, but by his chief deputy in the name of his principal.

Our attention is called to the case of *Morris v,
Patchin*, 24 N. Y. 394, and to 1 Greenleaf on Evidence.
§506, holding that under the act of congress which
provides that the records and judicial proceedings of
the courts of any state shall be proved or admitted
in any other court in the United States, by the at-
testation of the clerk, and the seal of the court an-
nexed, etc., the clerk himself, and not his deputy, must
certify the record.   Whether by that, or any other,
act of congress deputies are authorized to perform
the duties of clerks in the name of their principal,
we do not know, and we are cited to none.   But by
our statute (Mills' Ann. Stats. §425) every clerk of a
court has the power, with the approval of the judge
or judges thereof, to appoint one or more persons to
act as his deputy or deputies, who may perform the
duties of such office in the name of his, or their
principal.   The section of the code authorizing the
court to make an order directing the clerk to ap-
prove an appeal bond imposes that obligation upon
the clerk in his official capacity, and not as a private
individval, and when he approves the bond, he must
do so as clerk.   This being so, it would seem naturally
and logically to follow that when the order of the
court is made, thereby is devolved upon the clerk an
official statutory duty; and, if so, the same may be
performed by a deputy in the name of his principal.
It is not so done by another officer than the one on
whom the duty is cast.   It is done by that very officer
acting, as the statute says he may, through and by
his deputy.   There certainly can be no question that
a bond thus approved binds the sureties, and as the
end sought is the protection of the appellee, the
statute is sufficiently complied with when, in the cir-
cumstances stated, the bond is approved by the

deputy in the name of his principal. The following cases are in point: *Harris v. Regester*, 70 Md. 109 123; *Hempsted v. Cargill*, 46 Minn. 141.

2. If section 421 of Mills' Ann. Code, which makes it the duty of the person taking an undertaking and ascertaining the responsibility of the surety, to require him to accompany the same with an affidavit that he is worth the sum specified therein, applies to bonds, we think a sufficient compliance has been made in this case. It appears that the sureties, together with the principal, signed the bond on its face. The deputy certifies that the sureties appeared before him and made oath to the matters required in the statute, but did not actually sign their names to the justification on the back of the bond. An affidavit is an oath reduced to writing and attested by him who has authority to administer the same. *Walker v. People*, 22 Colo. 415. It would have been better had the signatures of the sureties been affixed to the affidavit for purposes of identification; but that omission does not destroy the validity of the bond, for there is a certification by the deputy clerk that they made oath to the facts which the statute requires in such a case. Where there is a statute or rule of court expressly requiring an affidavit to be signed, that requirement may not be dispensed with; but generally, and in the absence of such a provision, which is the case in this state, a signature is not necessary. 1 Enc. Pl. & Pr., 315, note 2 and cases cited.

As we have already said, if the bond affords ample protection to the appellee, such irregularities in its execution or filing as do not vitiate or impair such security ought not to operate as a dismissal of the appeal. Being satisfied that the sureties are bound

under this instrument, which enables appellant to have execution of the judgment superseded pending determination of the appeal, and no question being raised as to their financial responsibility, the motion should be overruled.