## MARIA J. PLASTER v. COUNTY OF AITKIN.[1]

December 22, 1916.

Nos. 20,002—(144).

**Ditch — appeal from award of viewers — notice of appeal.**

1. It does not affirmatively appear that the notice of appeal from the award of viewers pursuant to G. S. 1913, § 5565, et seq. was not filed with the county auditor within 30 days after the filing of the award as required by the statute, and lack of jurisdiction is not shown.

**Same — bond on appeal.**

2. Nor did it affirmatively appear that a bond was not filed with the county auditor within such period.

**Damages not excessive.**

3. The damages awarded, while large, are not so excessive as to justify interference; and the evidence sustains the findings.

From an award of viewers appointed by the board of county commis-

[1]Reported in 160 N. W. 493.

sioners for Aitkin county upon the petition of plaintiff under G. S. 1913, §§ 5565-5567, to determine the amount of plaintiff's damages sustained since the construction of County Ditch No. 14, plaintiff appealed to the district court for that county. The appeal was heard before Wright, J., who made findings and ordered judgment for $1,035 in favor of plaintiff. From the order denying its motion for a new trial, defendant appealed. Affirmed.

*E. H. Krelwitz,* for appellant.

*Charles C. Teare,* for respondent.

DIBELL, C.

The plaintiff appealed to the district court from an award of viewers to assess the damages, accruing subsequent to the construction of a ditch, pursuant to G. S. 1913, § 5565, *et seq.* There was a trial in the district court without a jury and findings for the plaintiff. The defendant appeals from the order denying its motion for a new trial.

1. The statute provides that an aggrieved party may appeal to the district court within 30 days after the filing of the viewers' award by serving on the parties who have appeared and filing with the county auditor a notice of appeal. G. S. 1913, § 5567. Objection is made that the notice of appeal was not filed in time. This objection was not made at the trial. To avail the defendant it must now be made to appear affirmatively that the notice was not filed in time. See Hempsted v. Cargill, 46 Minn. 141, 48 N. W. 686. The record does not show this affirmatively.

2. If the filing of a bond is jurisdictional, no objection having been taken at the trial, it must be shown affirmatively, as in the case of the notice of appeal, that none was filed within the time required. It does not distinctly appear that a bond was not filed with the county auditor within 30 days after the viewers' award. The award was filed on November 10, 1914. A bond, executed on December 24, 1914, and bearing a file mark of December 29, 1914, is among the files returned to this court. Whether all the files are returned is not shown. Whether all the papers filed with the county auditor were filed by him with the clerk is not shown. The record contains no evidence as to the filing. No proof

was offered. The court made no investigation nor finding. Within the rule stated in Hempsted v. Cargill, 46 Minn. 141, 48 N. W. 686, and as it was there applied, it will not be inferred, to avoid the proceeding for want of jurisdiction, that a bond was not properly filed with the auditor, though one filed too late is among the files. Assuming that the filing of a bond within the 30 days is jurisdictional, a question which we do not decide, the want of jurisdiction is not affirmatively shown.

3. It is claimed that the award of damages is excessive, and that the findings are not sustained.

The damages awarded appear to us very large. There is much to indicate that the court proceeded as if the action were in trespass. No objection was made as the evidence went in. The statute fixes the basis of the award. G. S. 1913, § 5565. The record does not clearly nor satisfactorily present the question, and it does not seem to have been substantially litigated at the trial. There were engineering defects in the construction of the ditch, from which arose damages proper to be assessed under the statute. Upon the record we are constrained to hold that the damages are not excessive and that the findings are sustained.

Order affirmed.