OF THE STATE OF ARKANSAS.        475

TERM, 1860.]        McCoy vs. County Court of Jackson Co.

<hr/>

McCoy vs. County Court of Jackson Co.

Where the final account of an internal improvement commissioner is made out and filed by him in the county court for settlement, and is approved by the court as presented by him, a writ of certiorari will not be issued to remove the proceedings into the circuit court, as it would be of no benefit to the party.

476          CASES IN THE SUPREME COURT

McCoy vs. County Court of Jackson Co.          [JULY

A mistake in making such settlement cannot be corrected by certiorari—the proceeding upon which is, to affirm or quash upon the record returned with the writ, and not upon matters dehors the record.

*Appeal from Jackson Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

STILLWELL & WOODRUFF, for the appellant.

It is submitted that the proceeding of the county court, in stating the account of appellant, as internal improvement commissioner, without notice to him, and in charging him interest on money received, at 10 per cent, if not void, was clearly erroneous, and consequently the writ of certiorari ought to have been granted as prayed.

ROSE, for the appellee.

The petitioner had the right of appeal to the circuit court, and he gives no excuse whatever for not having availed himself of it. This alone is sufficient to determine the case against him. *Carnall vs. Crawford Co.*, 11 *Ark.* 617; *Marr Ex parte*, 12 *Ib.* 88; *Warner vs. Burton, Ib.* 147; *Roberts vs. Williams*, 15 *Ib.* 48; *Redd vs. St. Francis Co.*, 17 *Ib.* 416.

But the petition and exhibits thereto show that upon the merits of the case the prayer of the petitioner was properly denied. The writ of *certiorari* is one, the granting of which, lies in the sound discretion of the court; and it will never be issued when it is certain that it can avail nothing.

The first ground set up for the issuance of the writ is, that McCoy had no participation in said settlement.

Now, upon inspection of the copies of the record attached to the petition, it will be seen that McCoy came and filed the settlement in question. The record which could alone effectually sustain the allegations of the petitioner is at issue with him. Then it would be useless to issue the writ, since, in no case could it do petitioner any good.

OF THE STATE OF ARKANSAS. 477

Term, 1860.]     McCoy vs. County Court of Jackson Co.

The remaining ground urged is, that petitioner was unjustly charged with interest. If so, he had his remedy by appeal, as above shown.

HEMPSTEAD, Solicitor General, for the appellee.

The application for a writ of certiorari is addressed to the sound discretion of the court, and never will be granted in a case like this. No foundation is laid for it—nothing shown or suggested to make the issuing of the writ proper. *Randle vs. Williams*, 18 *Ark*. 382; 1 *Hill* 200; 15 *Wend*. 198.

McCoy was not entitled to the writ in any event, because he lost his right of appeal by his own negligence, and whenever that is the case, a party can never resort to the writ of certiorari, as was ruled in *Roberts vs. Williams*, 13 *Arks*. 357; *Carnall vs. Crawford Co.*, 6 *Eng*. 613. He was present in court, and if there was any thing wrong in the settlement, he had the right of appeal, and ought to have appealed. *Gould's Dig*. 318, 319.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 19th of December, 1857, Micajah B. McCoy presented to the Circuit Court of Jackson county a petition for certiorari, in substance as follows:

" Your petitioner states that he finds upon the records of the County Court for said county what purports to be a settlement made by that Court with your petitioner, as late internal improvement commissioner for said county, bearing date January 26th, 1857, and also an order, bearing date January 27th, 1857, directing his successor to call on him for money, etc.; a duly authenticated copy of both of which orders is herewith exhibited," etc.

" That said so called settlement was made by said County Court ex parte, and without the participation of your petitioner. That no settlement could be legally made so as to bind petitioner, as he was advised, unless made upon a copy of his books of accounts as such commissioner furnished to said

478    CASES IN THE SUPREME COURT

McCoy vs. County Court of Jackson Co.    [July

County Court to be audited and adjusted; and said settlement so called was not made upon any such copy furnished from petitioner's books, or from his said book as required by law.

" That said settlement, so called, as it appears of record, is grossly unjust, and on its face is illegal, and unauthorized by law, charging your petitioner, among other things, with large amounts of interest wholly unauthorized by law."

Prayer for a certiorari, etc., and that the settlement and order be quashed, etc.

The transcript of the record of the County Court, exhibited with the petition is as follows:

STATE OF ARKANSAS,  
  COUNTY OF JACKSON.

*In the Jackson County Court, January term thereof, January 26th, 1857.*

On this day came Micajah B. McCoy, late internal improvement commissioner for Jackson county, and filed his account current as such commissioner as follows, *to-wit:*

M. B. McCOY, *Internal Improvement Commissioner,*

IN ACCOUNT CURRENT WITH JACKSON COUNTY FOR

INTERNAL IMPROVEMENT FUNDS:

| | | |
|---|---|---|
| Jan'y 26, 1857—To balance due on last settlement, July 14th, 1855 | $ 4,593 | 17 |
| To interest at 10 per cent. on same, up to 26th January, 1857 | 716 | 96 |
| Oct'r 2, 1854—To amount received on Auditor's warrant No. 321 | 671 | 59 |
| Mar. 26, 1855—To interest at 10 per cent. up to January 26th, 1857 | 136 | 74 |
| To amount received on Auditor's warrant No. 444 | 198 | 38 |
| To interest on same at 10 per cent. up to 26th January, 1857 | 34 | 69 |
| To amount of Auditor's warrant | 430 | 00 |

OF THE STATE OF ARKANSAS. 479

TERM, 1860.]        McCoy vs. County Court of Jackson Co.

To 12 months interest on same at
10 per cent · · · · · · · · · · · · · · · ·        43 00

$ 6,824 53

CREDITS.

1856.

Dec'r 1—By am't paid Raney, as per order
   of commissioners of Litchfield
   Bridge · · · · · · · · · · · · · · · · · · $1,000 00

   By interest on same, 26th Jan'y,
   1857 · · · · · · · · · · · · · · · · · · · ·        15 70

   By Noah Smith, per order com-
   mis'r of bridge across Cache · ·        100 00

   By interest on same up to 26th
   January, 1857 · · · · · · · · · · · · ·        1 70

   By commissions on $1,117 40, at
   2 per cent · · · · · · · · · · · · · · · ·        22 34

   By expenses two trips to Little
   Rock, to collect money on war-
   rants 321 and 444 · · · · · · · · · ·        37 00        1,176 79

$5,647 79

Jan'y 26th, 1857—To balance due Jackson county as internal improvement fund by M. B. McCoy, late internal improvement commissioner, five thousand six hundred and forty-seven dollars and seventy-nine cents.

" Afterwards, to-wit: On the 27th day of January, A. D. 1857, the following proceedings were had, to-wit:

" Ordered by the Court, that Henry H. Miller, internal improvement commissioner, call on Micajah B. McCoy, late internal improvement commissioner, to pay over to him all moneys in his hands belonging to the internal improvement fund of Jackson county, together with all the books, papers, etc., belonging to said office, and, on the failure or refusal of said Micajah B. McCoy, late internal improvement commissioner, to pay over said money, and deliver to said Henry H.

480      CASES IN THE SUPREME COURT

McCoy vs. County Court of Jackson Co.      [July

Miller, the present internal improvement commissioner, in and for the county of Jackson, and State of Arkansas, said Miller is hereby authorized and directed by the court to employ such counsel, as he may think best, and institute suit immediately against said M. B. McCoy, for the funds in his hands, together with all the books, papers, etc., that properly belong to the said office of internal improvement commissioner."

Then follows the certificate of the clerk of the County Court authenticating the above as a correct transcript from the record, etc.

The Circuit Court refused to issue the certiorari, and McCoy appealed to this Court.

The statute requires the commissioner to keep, in a well bound book, an account of all moneys, etc., received and paid out by him, etc., a true copy of which it is made his duty to present to the County Court, at its first regular term after the expiration of twelve months from his election, and annually thereafter, so long as he remains in office; and such account is to be audited, and, if found correct, approved by the court, and filed in the office of the clerk thereof. *Gould's Dig., chap.* 101, *sec.* 48, *Art. III.*

The final account of the appellant seems to have been made out and filed for settlement pursuant to the statute. It was presented to the County Court by the appellant, and appears to have been approved by the court, and spread upon its record, just as he made it out and filed it, without any change whatever. On the next day an order was made directing his successor to call on him for all moneys, books, etc., etc., in his hands belonging to the office. See *sec.* 33, *Ib.*

The objection in the petition that the settlement was made *ex parte* and without the participation of the appellant, is surely without force, when it appears, from the transcript of the record exhibited with the petition, that he made out and filed his account for settlement himself, and that no change was made in the account by the Court. That the balance against

him was stated on the record, just as he had footed it up in the account.

Nor is there any thing in the objection that he is charged with interest at an illegal rate. The statute makes it the duty of the commissioner to loan out any money in his hands not required to be expended by the County Court, upon interest at ten per cent. per annum, and he is subject to a heavy penalty for failing so to do, etc. *Ib. secs.* 50, 51.

In the account, the appellant has charged himself with interest at the rate of ten per cent. upon several sums of money, for stated periods, and it must be presumed that the charge is correct, and in accordance with the statute. If he made a mistake in charging himself with this interest, he cannot correct it by *certiorari*, because, upon certiorari, the settlement must be quashed or affirmed on inspection of the transcript of the record returned with the writ, and matters dehors the record are not to be considered.

It appearing from the transcript of the record presented with the petition, that the writ of *certiorari* would have been of no benefit to the appellant, the judgment of the Court below refusing the writ must be affirmed.