## DICUS vs. BRIGHT, No. 1.

On certiorari to remove a judgment of a justice of the peace into the Circuit Court for review, the case is not properly before the court for final adjudication until, in obedience to the writ, the justice returns an authenticated transcript of the proceedings and judgment sought to be reviewed.

When the transcript is returned, the court must quash or affirm upon inspection of it, and cannot consider matters dehors the transcript, alleged in, or exhibited with, the petition for certiorari, in passing upon the validity of the judgment of the justice.

*Appeal from Independence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

Stillwell & Woodruff, for the appellant.

The deeds exhibited were no part of the record, and could not be regarded. *Redmond vs. Anderson*, 18 *Ark*. 449.

We have examined the transcript with some care, but have not discovered how the Circuit Court got jurisdiction of the case. A writ of certiorari was issued, but no return was made.

Mr. Chief Justice English delivered the opinion of the court.

Upon an account for rent filed before a justice of the peace, Dicus sued out process of attachment and garnishment against the effects of Bright, and obtained judgment by default.

Bright applied to the judge of the Circuit Court of Independence county for certiorari and supersedeas, exhibiting with his petition a transcript of the proceedings of the justice of the peace, and alleging matters dehors the transcript to show that Dicus had no cause of action against him, and also averring irregularities in the proceedings.

Upon the order of the judge, the clerk issued a certiorari, with temporary supersedeas clause, returnable to September term, 1859.

The sheriff returned upon a copy of the writ, that he delivered the original to the justice of the peace, and a copy to the constable, etc., but it does not appear that the justice made any return upon the writ, or sent up a transcript of the proceedings before him, as commanded by the writ.

At the return term Bright filed an assignment of errors; and Dicus moved to quash the writ of certiorari, and recall the supersedeas, as having been improperly issued.

The court overruled the motion to quash the writ, and, it seems, upon the *ex parte* transcript of the proceedings of the justice exhibited with the petition for the writ, rendered judgment perpetually superseding the judgment of the justice, and Dicus appealed

The court was premature in pronouncing the judgment of the justice irregular, and making the supersedeas perpetual.

Until the justice, in obedience to the mandate of the writ of certiorari, sent up to the court a certified transcript of the proceedings before him, the matter was not properly before the court for final adjudication. *Derton vs. Boyd*, 21 *Ark*. 264.

There is no ground here to presume (as in *Redmond vs. Anderson*, 18 *Ark*. 449,) that a transcript was sent up by the justice of the peace in obedience to the writ, because the only transcript in the record before us is manifestly the *ex parte* one that was exhibited with the petition for certiorari, which was made out for Bright before the writ issued (as shown from the date of the certificate of the justice), and which had accomplished its purpose when the writ was granted by the judge upon the *prima facie* showing made by it.

It may be remarked upon the matters alleged in the petition *dehors* the transcript, and the deeds, etc., exhibited in support of the allegations, that they are foreign to the case. When the transcript of the proceedings before the justice of the peace is properly returned, upon the certiorari, the court must quash or affirm upon inspection of the transcript. *Redmond vs. Anderson, ubi sup.; McCoy vs. Jackson county*, 21 *Ark*. 475.

The judgment must be reversed, and the cause remanded for further proceedings.