BALLARD *v.* HUNTER.

Opinion delivered February 11, 1905.

1. LEVEE TAX—SUIT TO COLLECT—NOTICE.—Weekly publication of a warning order to nonresident owners of lands delinquent for levee taxes for the period of four weeks, as provided by Acts 1895, p. 88, is reasonable notice; especially since the statute provides that, at any time within three years after final decree, the owner may have the decree and sale set aside by showing that he had paid the taxes. (Page 180.)

2. SAME—ALLEGATION OF OWNERSHIP.—Under Acts 1895, p. 89, providing that a suit thereunder to enforce the collection of levee taxes in the St. Francis Levee District should be in the nature of a proceeding *in rem,* and that "it shall be immaterial that the ownership of the lands may be incorrectly alleged in said proceedings," it is immaterial that the owner of delinquent land was not named as a party to a suit to enforce the lien on her land. (Page 180.)

3. SAME—AFFIDAVIT OF NONRESIDENCE.—Where a sworn complaint in a proceeding to subject the land of a nonresident to the payment of levee taxes alleged that the owner was a nonresident, it was sufficient to authorize notice by publication, without a separate affidavit to the same effect. (Page 180.)

4. SAME—WARNING ORDER.—Acts 1895, p. 88, providing for suits for the collection of the delinquent taxes due the St. Francis Levee District, does not require a warning order to be entered either on record or on the complaint. (Page 181.)

5. DECREE—COLLATERAL ATTACK.—A decree enforcing a lien for delinquent levee taxes against a nonresident owner cannot be attacked collaterally because the warning order was not entered on the record or on the complaint, unless such entry was made jurisdictional; nor because such lands were sold for illegal penalties and costs. (Page 181.)

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

This was originally a suit in equity by the Board of Directors of the St. Francis Levee District against the Memphis Land & Timber Company and others, to enforce a lien for levee taxes. A decree was had foreclosing the lien, and appellees, Hunter and Hackler, became purchasers. Subsequently appellants, A. B. and Josephine Ballard, filed their complaint to set aside the sale. Appellees were allowed to enter their appearance as defendants. The facts are stated in the opinion.

*Randolph & Randolph* and *W. S. & F. L. McCain,* for appellants.

The decrees and sales made are void. 8 Ark. 318; Drake, Att. § 87a. Statements in the pleadings, when not denied, are admitted. Sand. & H. Dig. § 5761; 41 Ark. 20. Inadequacy of price to avoid a judicial sale is a circumstance to be considered. 20 Ark. 381, 652; 32 Ark. 391; 56 Ark. 544; 53 Ark. 110. Hunter and Hackler were parties, and subject to all proceedings to be had in the suit. 21 Ark. 130; 36 Ark. 591; 45 Ark. 373, 177; Kleber's Void Execution & Jud. Sales, § 467; 129 U. S. 73. The appellants are entitled to the relief sought by their bill of review. 36 Ark. 591; Sand. & H. Dig. § § 591, 4197; 123 N. Y. 440; 147 Mass. 536; 173 U. S. 555; 54 Ark. 539; 35 Ark. 331; 54 Ark. 1; 64 Ark. 126; 36 Ark. 591; 56 Ark. 544; 35 Ark. 331; 39 Ark. 347; 59 Ark. 583. The sales to Hunter were void. 2 How. 25; 1 Wall. 627; Freeman, Void Jud. Sales, 146; 6 Wall. 643, 714; 55 Ark. 562; 66 Ark. 492; Drake, Attach. § 89a; 56 Ark. 419; 55 Ark. 562; 61 Ark. 36; 101 Fed. 95; 115; U. S. 454; 31 Ark. 491; 55 Ark. 104; 61 Ark. 414; 60 Ark. 215, 163; 32 Ark. 131; 46 Ark. 96; 66 Ark. 539; 56 Ark. 419; 148 U. S. 171; 13 Wall, 506; 130 U. S. 177; 161 U. S. 334; 6 Wheat. 119; 55 Ark. 562; 21 Ark. 145; 30 Ark. 278; 31 Ark. 314; 29 Ark. 476, 489. Costs and fees were illegally charged and collected. 12 Ark. 60; 25 Ark. 235; 32 Ark. 45; 28 Ark. 144; 57 Ark.

487; 56 Ark. 249; 47 Ark. 442; 61 Ark. 407; 60 Ark. 194; 414. No notice was given appellants, and the sales were void. 59 Ark. 513, 536; 96 U. S. 104; 64 Ark. 258; 130 U. S. 493; 4 31 Fed. 663; 135 U. S. 85; 106 Fed. 474; 56 Ark. 93; 61 Ark. Peters, 471; 93 U. S. 274; 189 U. S. 433; 60 Ark. 369; 62 Ark. 439; 74 N. Y. 183; 164 U. S. 480; 9 Cranch, 144; 42 Ark. 344; 21 Ark. 367; 5 Ark. 424; 20 Ark. 114; 21 Ark. 364; 22 Ark. 118; 24 Ark. 519; 50 Ark. 189; 52 Ark. 400; 66 Ark. 3; 42 Ark. 330; 2 Black, Judg. § 794; 134 U. S. 316; 161 U. S. 251; 11 Ark. 519; 13 Ark. 507; 19 Ark. 499; 25 Ark. 52; 33 Ark. 828; 49 Ark. 410; 34 Ark. 451; 51 Ark. 281; 50 Ark. 191; 55 Ark. 30; 57 Ark. 54; 34 Ark. 682; 55 Ark. 200. The notice given was insufficient, and is not shown to have been given. Sand. & H. Dig. § 5887; 16 Ark. 46; 45 Ark. 192; 119 U. S. 185; 42 Ark. 268; 34 Ark. 399; 177 U. S. 221; 60 Ark. 372; 182 U. S. 427; 110 U. S. 536; 42 Ark. 77; 46 Ark. 333; 172 U. S. 318; 160 U. S. 393; 177 U. S. 236; 66 Ark. 492; Sand & H. Dig. § § 5737, 5875, 5882, 5657; 57 Ark. 229. The decree of sale of February 14, 1898, is void. 66 Ark. 490; 59 Ark. 513; 26 Ark. 454; 42 Ark. 355; 65 Ark. 142; 29 Ark. 346; 36 Ark. 456; 53 Ark. 476; 69 Ark. 591; 60 Ark. 369; 65 Ark. 142, 353 ,90; 59 Ark. 483; 62 Ark. 439; 70 Ark. 207; 69 Ark. 591; 55 Ark. 562; 56 Ark. 422; 32 Ark. 345; 48 Ark. 151. Jurisdictional facts must be stated in the record. 124 U. S. 290; 40 Ark. 124; 16 How. 610; 154 U. S. 34; 139 U. S. 137; 134 U. S. 256; 54 Ark. 627; 62 Ark. 439; 54 Ark. 137; 51 Ark. 317; 52 Ark. 373. False recitals in the decrees cannot estop the appellants from attacking sales for want of jurisdiction. 176 U. S. 350; 173 U. S. 555; 70 N. Y. 253; 123 N. Y. 440; 147 Mass. 536; 33 Ark. 778; 50 Ark. 458; 54 Ark. 1, 539; 57 Ark. 352; 3 Yerger, 62; 11 Hump. 523; 1 Head, 229; 1 Black, Judg., § 366; 2 Black, Judg., § 836; 19 Wall. 61; 107 U. S. 546; 17 Ark. 203; 60 Ark. 369; 25 Ark. 60 43 Ark. 230; 46 Ark. 96; 39 Ark. 348; 29 Ark. 47; 20 Ark. 12; 48 Ark. 151; 54 Ark. 627; 59 Ark. 483; 33 Ark. 778; 50 Ark. 458; 49 Ark. 406; 56 Ark. 187; 61 Ark. 464; 117 U. S. 266; 11 Ark. 523, 551; 10 Ark. 549; 19 Ark. 515; 44 Ark. 267; 54 Ark. 539; 50 Ark. 458.

*L. P. Berry* and *A. B. Shafer,* for appellees.

Appellant's pleading is a collateral attack upon the decree of the Crittenden Chancery Court. 130 U. S. 559; 40 Ark. 42; 49 Ark. 397; 43 Cal. 649; Freeman, Jud. § 509; 23 So. 821; 61 S. W. 542; 26 S. E. 936; 2 How. 319. The St. Francis Levee Acts are not in conflict with the Constitution of the United States. 127 Fed. 219; 59 Ark. 513; 134 U. S. 316; 96 U. S. 97; 166 U. S. 533; 111 U. S. 701; 114 U. S. 606; 164 U. S. 112; 172 U. S. 314. Jurisdictional facts need not appear of record. 78 S. W. 749; 127 Fed. 219; 66 Ark. 1; 70 Tex. 588; 30 Am. Dec. 155; 67 Fed. 684; 120 Mo. 134; 62 Minn. 139; 11. Mo. App. 226; 72 Ark. 601; 13 Bush. 544. The complaint in the cause of Levee District *v.* Memphis Land & Timber Company was sufficient to support the decree. 77 Ind. 371; 104 Ill. 71; 104 Ind. 402; 47 Ind. 185; 79 Cal. 584; 67 Fed. 684; 50 Mo. 583; 52 Ark. 160; 92 Mo. 178; 79 Ill. 233; 52 Ala. 291; 34 Barb. 144. The affidavit was sufficient to authorize the issuance of notice provided for in levee acts. 10 Wall. 308; 95 U. S. 714; 67 Fed. 684; 84 N. W. 214; 31 Miss. 578; 32 Ia. 469; 96 N. C. 367; 103 Ind. 86; 69 Ia. 696; 47 Ark. 31. Such notice was not required to be indorsed upon the complaint. 57 Ark. 49; 64 Ark. 205; 19 Minn. 452; 69 N. W. 903; 87 N. W. 838; 61 Ark. 1. The decree was rendered upon evidence. 63 Ark. 513; 47 Minn. 326; 164 Ill. 531; 55 Ark. 37. And was not prematurely rendered. 10 Mass. 105; 50 Ill. 179; 74 Ill. 381.

*Randolph & Randolph* and *W. S. & F. L. McCain,* for appellants in reply.

Mrs. Josephine Ballard was not a party to the tax suit, and is entitled to relief. 2 Jones, Mortg. 1412; 110 U. S. 151; 102 U. S. 586; 98 U. S. 517.

BATTLE, J. This is an attack upon a sale of lands made by a commissioner in chancery pursuant to a decree foreclosing the lien of the Board of Directors of St. Francis Levee District for levee taxes, appellees having purchased the lands in controversy at said sale.

The decree condemning the lands and ordering the sale was rendered on February 14, 1898, a day of the January term, 1898, of the court. The sale was confirmed by the court during the July term, 1898, and appellants appeared September, 1899, and filed their complaint attacking the validity of the sale. They allege that the lands were owned by appellant Josephine Ballard, who was not a party to the foreclosure proceedings, and who was a nonresident of the State, and had no information of the pendency of the suit; that no affidavit for warning order was made, and that the warning order was not indorsed on the complaint.

Appellees entered their appearance, and from a decree dismissing the complaint for want of equity the Ballards appealed. Appellants in their said complaint asked that it be considered by the court either as a motion for rehearing, under the statute, or as an appearance by nonresidents to vacate a judgment and have a new trial, under section 6259, Kirby's Digest, or as an original complaint to quiet title, or as a bill of review, and that relief be granted by cancelling the sale as a cloud upon their title.

The act of the General Assembly of 1895, p. 88, as amendatory of the act of 1893 creating said levee district, provides that the payment of taxes assessed against the lands in the district shall be enforced by suit in the name of the Board of Directors of the Levee District in the chancery courts of the several counties composing the district, and that "said suit shall be conducted in accordance with the practice and proceedings of chancery courts in this State, except as herein otherwise provided, and except that neither attorneys or guardians *ad litem,* nor any of the provisions of section 5877 of Sandels & Hill's Digest (Kirby's Dig. § 6254). of the Statutes of Arkansas shall be required, and except that said suits may be disposed of on oral testimony as in ordinary suits at law; and this law shall be liberally construed to give said assessment lists the effect of *bona fide* mortgages for a valuable consideration, and a first lien on said lands as against all persons having an interest therein."

Said act further reads, in part, as follows: "Said proceedings and judgment shall be in the nature of proceedings *in rem,* and it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings; and said judgment may

be enforced wholly against said land, and not against any other property or estate of said defendant. All or any part of said delinquent lands for each of said counties may be included in one suit for each county, instituted for the collection of said delinquent taxes, etc., as aforesaid, and all delinquent owners of said lands, including those unknown as aforesaid, may be included in said one suit as defendants; and notice of the pendency of such suit shall be given as against nonresidents of the county and the unknown owners, respectively, where such suits may be pending, by publication weekly for four weeks prior to the day of the term of court on which final judgment may be entered for the said sale of said land."

The form of the notice required is set forth *in extenso* in the statute, giving the nature of the suit and the description of the lands, and concluding as follows: "Said persons and corporations, and all others interested in said lands, are hereby notified that they are required by law to appear and make defense to said suit, or the same will be taken for confessed, and judgment final will be entered directing the sale of said lands for the purpose of collecting said delinquent levee tax, etc.

The act further provides that, "at any time within three years after the rendition of the final decree of the chancery court herein provided for, the owner of the lands may file his petition in the court rendering the decree, alleging the payment of the taxes on said lands for the year for which they were sold, and upon the establishment of that fact the court shall vacate and set aside said decree."

Appellants urge that the decree and sale thereunder were void for the reason (1) that the short notice provided by the statute and the omission to take the lands in actual custody of law are insufficient to put the landowners upon notice, and render the proceedings void as in violation of section 25, article 5 of the Constitution of the State and of the Fourteenth Amendment of the Constitution of the United States; (2) that the lands in controversy were the property of appellant Josephine Ballard, who was not named as a party defendant to the foreclosure suit; (3) that no affidavit was filed in said suit authorizing the issuance or publication of a warning order or notice: (4) that

the warning order or notice was not indorsed upon the complaint; (5) and that said lands were sold for illegal penalties and costs adjudged against them.

1.   The act provides that notice of the pendency of an action for the enforcement of the collection of levee taxes, penalty and costs against lands shall be given to nonresident owners by publication thereof in some newspaper published in the county where the suit is pending for four weeks prior to the day of the term of the court on which final judgment may be entered for the sale of their lands.   Such notice in similar cases has uniformly been held reasonable.   The law, of which they (owners) are bound to take notice, advises them that their lands in the levee district are subject to taxation for levee purposes, and of the times and places when and where they will be assessed and taxes levied thereon, when these taxes shall be paid, and that if not paid suits will be instituted in certain courts to enforce the collection thereof by sale, and that notice of the pendency of the suit would be given them by publication in a newspaper published in the county wherein their lands lie.   The law warns them (nonresident owners) of the necessity of being vigilant, and gives them the information by which they can protect their property against sales, and provides that they, at any time within three years after the rendition of a final decree condemning their lands to be sold to pay the levee taxes, may have the decree and sale set aside by showing that they have paid the taxes for which their lands were ordered sold before the rendition of the decree.   We therefore conclude that the notice is reasonable.   *Johnson* v. *Hunter,* 127 Fed. Rep. 219, and cases cited.

2.   The fact that the lands in controversy were the property of Mrs. Josephine Ballard, and that she was not made a party defendant to the suit instituted to enforce the collection of the taxes thereon, does not affect the decree therein and the sale thereunder.   The act provides that such suit and decree shall be in the nature of proceedings *in rem,* and that "it shall be immaterial that the ownership of the lands may be incorrectly alleged in said proceedings."   Acts of 1895, p. 89.

3.   The act provides that notice by publication shall be given to the defendants in suits instituted for the collection of levee

taxes who are nonresidents of the county where the suits are brought. The plaintiff in the complaint in the proceedings attacked in this suit stated who of the defendants therein were nonresidents of the county in which the proceedings were pending, and such complaint was sworn to. This was sufficient to authorize notice by publication, without a separate affidavit to the same effect. It was held in *Sannoner* v. *Jacobson,* 47 Ark. 31, that an affidavit and complaint may be included in one instrument of writing, if it contains all the essentials of both. The complaint in the proceedings attacked contained the essentials of the affidavit, and is sufficient to answer the same purpose. *Johnson* v. *Hunter, supra.*

4. The act under which the aforesaid proceedings were instituted does not require a warning order to be entered on record or on the complaint; and if it had, the proceedings could not be attacked collaterally, unless such entry was made jurisdictional, as it was in *Gregory* v. *Bartlett,* 55 Ark. 30; and it was not in this case. *Clay* v. *Bilby,* 72 Ark. 101.

5. A decree of a court of competent jurisdiction is not subject to a collateral attack because lands were sold thereunder for illegal penalties and costs. *Kelley* v. *Laconia Levee District, post,* p. 202; *Johnson* v. *Hunter, supra.*

Decree affirmed.