JOHNSON v. LESSER.

Opinion delivered July 29, 1905.

1. DECREE—CONSTRUCTIVE SERVICE—COLLATERAL ATTACK.—Where, in a suit to foreclose a mortgage, a warning order against a non-resident mortgagor was duly published, the failure to make proof of such publication in the manner required by statute is an irregularity that does not affect the jurisdiction, and cannot be considered in a collateral proceeding. (Page 467.)

30

2. SAME—FAILURE TO INDORSE WARNING ORDER.—Failure of the clerk to indorse the warning order on the complaint in a suit against a non-resident mortgagor to foreclose the mortgage is an irregularity merely which does not affect the jurisdiction of the court. (Page 467.)

Appeal from Lee Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

Ben Johnson owned 80 acres of land in Lee County. He mortgaged the place to Morris Lesser to secure an account for supplies that he owed Lesser. Afterwards Johnson left the State, and Lesser brought a suit in equity to foreclose his mortgage. Lesser filed an affidavit that Johnson was a non-resident, and the clerk made the following indorsement on the complaint:

"It appearing from the affidavit of the plaintiff that defendants, Ben and Lucy Johnson, are non-residents of the State of Arkansas, it is ordered that a warning order be made and published for the time and in the manner prescribed by law for said non-resident defendants."

[Signed]                              "D. S. CLARK, *Clerk.*"

A warning order was published, but it was not indorsed on the complaint. The affidavit of the proof of publication was made by the foreman of the paper in which it was published.

A decree was rendered foreclosing the mortgage, and at the foreclosure sale Lesser purchased the land, and the sale was confirmed, and a deed made conveying the same to him.

Afterwards Ben Johnson died, and Tobe Johnson and other heirs brought this action in equity to set aside the decree of foreclosure and the sale to Lesser.

The chancery court dismissed the complaint for want of equity, and plaintiffs appealed.

*H. F. Roleson,* for appellant.

The court had no jurisdiction to decree the foreclosure at the suit of Lesser *v.* Johnson, for the reason that no warning order was made upon the complaint as required by law. Kirby's Digest, § 6055; 71 Ark. 318; 69 Ark. 591.

*P. D. McCulloch,* for appellee.

The decree was not void for the failure to indorse the warn-ing order on the complaint.   72 Ark. 101; 85 T. W. 252; 127 Fed. 219; 47 Ark. 131.   Appellants are bound by the decree, and are estopped by their own conduct from disputing the title ac-quired by appellee.   2 Herm. Estop. § § 589, 590; 38 Ark. 571; 63 Miss. 584; 106 Mo. 155; 75 Mo. 503; 66 Mo. App. 402; 57 Ill. 41.

*H. F. Roleson,* for appellants, in reply.

Appellants were not estopped.   1 Herm. Estop. 216; 49 Ark. 218; Big. Estop. (3 Ed.), 484.

RIDDICK, J., (after stating the facts.)   In this case the heirs of Ben Johnson seek to set aside  and declare void a foreclosure decree rendered against Ben Johnson and wife while they were non-residents of the State, and to compel the defendant to account for the rents and profits arising from the land purchased under the foreclosure sale.   The service upon the defendants in the foreclosure decree was by publication, and the contention of the plaintiffs is that the forclosure decree was void on account of want of jurisdiction over the persons of the defendants.   One. objection urged on the hearing was that proof of publication was not made in the manner re-quired by the statute, but counsel now concedes that this question has been decided against him by a recent decision of this court, where it was held that when a warning order has been duly published, the failure to make proof of such publication in the manner required by statute is an irregularity that does not affect the jurisdiction of the court, and cannot be considered in a col-lateral proceeding.   *Clay* v. *Bilby,* 72 Ark. 101.

The only remaining contention is that the judgment against the non-residents was void because the clerk did not indorse the warning order upon the complaint as the statute requires.   But this also was an irregularity that did not injure the defendants or affect the jurisdiction of the court.   *Ballard* v. *Hunter,* 74 Ark. 174, 85 S. W. 252; *Clay* v. *Bilby,* 72 Ark. 101.

On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.