WALDRON v. TAENZER.

Opinion delivered May 7, 1906.

1. JUDGMENT—PARTIES—PRESUMPTION.—A recital in a partition decree that defendant L appeared as guardian of W justifies the presumption on collateral attack that W, who was a necessary party to the suit, was properly made a party thereto. (Page 18.)

2. SAME—JURISDICTION OF PERSON—PRESUMPTION.—When a domestic judgment is attacked collaterally, if it appears that the court had jurisdiction of the subject-matter, but it does not affirmatively appear whether it had jurisdiction of the person of a defendant or not, it will be presumed that such defendant was duly served, and that the court had jurisdiction of his person. (Page 19.)

Appeal from Cross Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant sues for an undivided one-half interest in a tract of swamp or wild land.

Appellee, Taenzer, admits that appellant inherited a one-half interest in the land, but alleges: "In the year 1880, and on the 8th day of October, in the circuit court of Cross County, Arkansas, in a proceeding for partition brought by Cynthia A. Hood, the owner of one-half, against the plaintiff herein, owner of the other one-half of said tract, and in which proceeding the plaintiff herein was represented by James M. Levesque, his regular guardian, it was adjudged that the property be sold for partition." Taenzer filed, as exhibit to his answer, a copy of a decree directing that the land be equally divided between appellant and the aforesaid Hood. W. M. Block, B. Roleson and S. L. Austell were appointed as commissioners to divide the land. A copy of a decree at a later term was also filed, which recited that the commissioners had reported that the land could not be divided, and that they recommended a sale. This decree also recited that one of the commissioners, S. L. Austell, had bought the interest of Mrs. Hood, the petitioner in that suit. The other commissioners were directed to sell the land for partition. A copy of another decree at a later term is also filed, in which a sale of the land to the erstwhile commissioner, S. L. Austell, is confirmed by the court.

Appellant filed exceptions to the chain of title thus offered, and the exceptions were duly presented to the trial court, and were all overruled.

At the trial appellant offered in evidence the complaint and the deposition of Nettie Johnson. Nettie Johnson swore that appellant was born on February 18, 1879; that his father died on September 1, 1879, and that his mother died on December 30, 1879; that the mother, on her deathbed, gave appellant, then a child ten months old, to his grandmother, Malinda Waldron, who immediately took the child to the State of Tennessee, where she kept him until he was twenty years old. When twenty years old, appellant joined the United States Army, and was sent to the Philippine Islands, where he remained until a few months before this suit was filed.

This was all the evidence offered by appellant. Appellees offered no evidence, except the answer of Taenzer and the exhibits.

The trial court found the issues in favor of appellees, and entered a decree dismissing appellant's suit.

*Samuel A. Wilkinson,* for appellant.

1. The record of the suit referred to in the answer does not show that appellant was ever made a party to said suit, and he is, therefore, not bound by any judgment rendered therein. There is no allegation nor proof that appellant was named in the petition for partition as a defendant, nor that he was served with process. The statute requires that all persons having an interest shall be made parties to such petition. Sand. & H. Dig. §§ 5415-5417.

2. The record of the suit referred to in the answer does not show that appellant was ever served personally or constructively in said cause. The Code provides how an infant may be sued. It also provides that a judgment or decree entered against one without notice is absolutely void. The rights of infants can in no case be judicially affected, except upon proper issues and proof, and upon statutory service when they are defendants. 39 Ark. 235; 40 Ark. 56.

*N. W. Norton,* for appellee.

1. The decree is not subject to collateral attack. The pre-

sumption is that appellant was duly served. 49 Ark. 397. On the question of collateral attack, see 72 Ark. 101; 74 Ark. 174; 76 Ark. 465. If directly attacked, the decree would stand. It shows the appearance of J. M. Levesque as guardian of Barney Waldron, and that he asks for affirmative relief as such guardian, the effect of which was to join in the petition for partition, as the statute authorized him to do. Kirby's Digest, § 5795. The guardian is a trustee of an express trust, and could sue in his own name, without joining his ward. Kirby's Digest, § 6002; 23 Sup. Ct. Rep. 211.

WOOD, J., (after stating the facts.) Counsel in oral argument and brief urge for reversal the following assignments of error:

"The trial court erred in overruling the following exceptions to the answer of Taenzer:

"1. The record of the suit referred to in said answer does not show that the plaintiff was ever made a party to said suit, and therefore plaintiff is not bound by any judgment rendered therein.

"2. The record of the suit referred to in said answer does not show that this defendant was ever served personally or constructively in said cause, and therefore plaintiff is not bound by any judgment rendered in said cause."

1. This is a collateral attack on a decree of partition rendered by the chancery court of Cross County.

The evidence was sufficient to warrant a finding that appellant was a party defendant in the partition suit. That decree, among other things, recites: "On this day came the parties to this cause, and the defendant, J. M. Levesque, as guardian of Barney Waldron, and says that he, as such guardian, is entitled to one-half of certain taxes paid out by the father of said minor while in his lifetime, which he can not now ascertain, and the court, being fully advised of the remaining right of the defendant," orders partition, and an account taken of sums due defendant. The burden of proof was upon appellant to show he was not a party to the suit in partition. In the absence of some affirmative showing on his part that he was not a party, we are of the opinion that the above recitals in the decree of partition were sufficient to justify the chancery court in finding that he was a party.

Section 5772 of Kirby's Digest provides that in a suit for partition every person having an interest "shall be made a party to such petition" for partition. True, the original petition for partition is not in the record, showing that appellant was named as a party defendant in that suit. But the complaint in this case shows that at the time of the partition suit and the rendition of the decree appellant was the sole owner of an undivided half interest in the lands in controversy, which were partitioned in that suit. They could not have been partitioned legally under the statute without making him a party. Under section 5795 of Kirby's Digest, Levesque, as guardian of appellant, had authority to institute a partition proceeding for his ward, or to join in one already instituted or "any matter or thing respecting the division of any lands or tenements." The fact that he did join in the petition for partition and ask for affirmative relief in the way of taxes paid by the ancestor of his ward had the legal effect of making his ward a party to that proceeding. The style of the suit in partition, and the recitals of the decree in that suit, we think, show clearly that there was at least another party defendant to that suit than Levesque, the guardian. The only other one that could have been properly made a party, according to the facts set up in the complaint, was the appellant. Moreover, the recitals of the partition decree show that Levesque appeared in his representative capacity. Appearing as guardian, it will be conclusively presumed on collateral attack that the ward was a party. All things are presumed to have been rightly done, and the court could not properly have permitted the guardian as such to appear without the ward. The ward was the party, represented, as he had to be, by his guardian.

2. The case of *Boyd* v. *Roane,* 49 Ark. 397, and the more recent cases of *Clay* v. *Bilby,* 72 Ark. 101 ; *Ballard* v. *Hunter,* 74 Ark. 174, and *Johnson* v. *Lesser,* 76 Ark. 465, determine that when a domestic judgment is attacked collaterally, if it appears that the court had jurisdiction of the subject-matter, even though the whole record, when taken together, does not show that the court had jurisdiction of the person, the presumption will be indulged that the parties were duly served, and that the court rendering the judgment had jurisdiction of the defend-

ants. These are well considered cases, and have become rules of property. We adhere to them.

Affirm.