HARDING CONSTRUCTION COMPANY *v.* DRAINAGE DISTRICT No. 17.

Opinion delivered January 7, 1929.

*J. T. Coston,* for appellant.

*Trieber & Lasley, Coleman & Riddick* and *Little & Buck,* for appellee.

HUMPHREYS, J. The correctness of three decrees rendered by the chancery court of Mississippi County, in the Chickasawba District thereof, is involved on this appeal. The first was rendered on May 18, the second on July 14, and the third on August 1, 1928. J. T. Flanagan, Toleff Jacobson, Andrew Jacobson, J. O. Shulind, A. G. Shulind, and Harding Construction Company obtained a decree on the 27th day of September, 1926, in said court for $32,515 against Drainage District No. 17, growing out of a construction contract for a part of the improvement. During the pendency of that suit in the trial court, Flanagan, the Jacobsons, the Shulinds and Harding Construction Company procured an injunction on November 16, 1921, impounding $100,000 of the money of the district to pay such amount as they might recover from it. The injunction was not dissolved until September 24, 1923, at which time a master was appointed to state an account between the parties to the suit, the court reserving for future decision the question of damages on account of the issuance of the injunction. The reservation

in the decree is as follows: ''The question of the liability of J. T. Flanagan and the other cross-complainants for interest on the $100,000 of the district's funds which were held by the bond purchasers pursuant to the order heretofore made in this cause, is expressly reserved for future decision.''

In February, 1928, Drainage District No. 17 filed a petition in said court against Flanagan and his associates on the injunction bond for $5,247.68, praying that said amount be offset against the $32,515 judgment rendered against it in their favor on September 27, 1926. Flanagan and his associates interposed several defenses to the petition as follows: (1) *Res judicata.* (2) That the funds were tied up at the request of the district. (3) That the district was not damaged because it had been receiving interest on the funds, which had never been out from under its control.

The causes were submitted to the court upon the pleadings and testimony introduced by the parties, which resulted in a finding that the injunction was wrongfully issued and the funds wrongfully impounded, and a decree for damages in the sum of $3,666.66, directing that the amount be credited on the $32,515 decree, from which the Harding Construction Company and the Jacobsons appealed.

The trial court erred in rendering a decree for damages on account of the issuance of the injunction impounding the funds in the original action. That issue was reserved for future decision by the trial court when the master was appointed in 1923, and, being an issue by express reservation, should have been decided when the final decree was rendered in 1926. The trial court had statutory authority to adjudge damages in the original case for wrongfully impounding the funds at the time the injunction was dissolved. Section 5822 of Crawford & Moses' Digest provides:

''Upon the dissolution in whole or in part of any injunction or restraining order of any and every kind and nature whatsoever, the chancery court wherein the

same was pending may assess and render against principal and sureties on the injunction bond a valid judgment for any and all damages occasioned by the issuance of such injunction or restraining order; and the court may either appoint a master to report as to such damages, or may render summary judgment therefor, or at its discretion may cause a jury to be impaneled to find such damages.''

The plea of *res judicata* should have been sustained, as the question of damages on account of the issuance of the injunction was an issue in the original action, made so by express reservation of the court.

After the $32,515 judgment had been rendered against the district in favor of Flanagan, the Jacobsons, the Shulinds, and the Harding Construction Company, on September 27, 1926, and after both parties had appealed the case to this court, and during the pendency of the appeal, the Farmers' National Bank of Alexandria, Minnesota, brought suit in said court to recover large sums from the Harding Construction Company and the Jacobsons and to subject their interests in said $32,515 judgment to the payment of the amounts they owed it. It made Drainage District No. 17 a party defendant. The district filed an answer in the action. Service was obtained upon the Harding Construction Company and the two Jacobsons by warning order. Upon the hearing of the cause on May 18, 1928, the trial court ascertained the amount due the Farmers' National Bank by the Harding Construction Company and the Jacobsons, and directed that certain of the funds which had been deposited with the clerk of the court by the district in payment of the judgment against it in favor of Flanagan and his associates be applied toward the payment of the amount due said bank. The Harding Construction Company and the Jacobsons filed a motion at a subsequent term of the court to vacate the judgments on the ground that they were rendered upon insufficient service, which was overruled on July 14, 1928. Appeals from both decrees were perfected, and the rever-

sal of them is sought on the alleged grounds: First, that the service upon the district was insufficient to sustain an equitable garnishment; second, that the affidavit for the warning order, warning them to appear, was defective and void for failure to comply with §§ 1159 and 1219 of Crawford & Moses' Digest. The sections referred to are as follows:

"Section 1159. Where it appears by the affidavit of the plaintiff, filed in the clerk's office at or after the commencement of the action, that he had made diligent inquiry, and that it is his information and belief that the defendant is: (1) A foreign corporation, having no agent in this State; or (2) a nonresident of this State; or (3) has departed from this State with intent to delay or defraud his creditors; or (4) has been absent from this State four months; or (5) has left the county of his residence to avoid the service of a summons; or (6) conceals himself so that a summons cannot be served upon him; or where either of the last two mentioned facts is stated in the return, by the proper officer, of a summons against the defendant, the clerk shall make and file with the papers in the case an order warning such defendant to appear in the action within thirty days from the time of making the order."

"Section 1219. Whenever the affidavit of the plaintiff or defendant is required to verify a pleading, to obtain a warning order, a provisional remedy, or any other order in an action, or on a motion or proceeding therein, it may, unless otherwise expressed, be made by the agent or attorney of the party, if the party is absent from the county, or is mentally incapable of taking an oath, or is physically unable to attend before the court or officer for the purpose of making the affidavit, in which case the affidavit shall state the reason, and that the affiant is the agent or attorney of the party."

(1) District No. 17 filed an answer in the equitable garnishment proceeding, thereby entering its appearance for all purposes. It is therefore unnecessary to determine the sufficiency of the service upon it.

(2) The complaint of the Farmers' National Bank states that it is a banking corporation; that its principal place of business is in Alexandria, Minnesota; that it has made diligent inquiry and that it is its information and belief that Harding Construction Company, Toleff Jacobson and Andrew Jacobson are each nonresidents of the State of Arkansas, and that the Harding Construction Company is a foreign corporation and has no agent in this State.

Indorsed upon the back of the complaint is the following affidavit:

"C. M. Buck states on oath that he is attorney for the Farmers' National Bank of Alexandria, Minnesota, and that said interpleader is a corporation and a nonresident of the State of Arkansas, and that the statements in the foregoing interplea are correct to the best of his knowledge and belief."

It is permissible to treat a complaint and an affidavit as one instrument in ascertaining whether the necessary essentials are set forth to warrant the issuance of a warning order by the clerk of the court. *Sannoner* v. *Jacobson,* 47 Ark. 31, 14 S. W. 458; *Ballard* v. *Hunter,* 74 Ark. 174, 181, 85 S. W. 252.

When read as one instrument, it reflects that the bank is a nonresident corporation and, by necessary inference, absent from the county and physically unable to attend before the court or an officer for the purpose of making an affidavit that the Jacobsons and the Harding Construction Company are nonresidents of the State and that the Harding Construction Company has no agent in the State upon whom summons might be served. These are the only essentials necessary to warrant the issuance of a warning order.

It is provided by § 1215 of Crawford & Moses' Digest that pleadings of corporations may be verified by their attorney in the action.

We attach no importance to the suggestion of the appellants that the use of the word "correct," instead of "true," in the affidavit, vitiates it. The statutes re-

ferred to do not require the use of the word "true" as the only means of verification.

The service upon both the district and the appellants was sufficient to ascertain the amount due from appellants to the bank and to impound and apply the funds due appellants by the district thereon.

Appellants also contend that the fund was not subject to equitable garnishment, because the drainage district was not completed. It is true the whole improvement had not been made, but the construction of the work covered by the contract in question was at an end on account of the breach, and whatever amount was due thereon was available and subject to equitable garnishment.

The decree rendered May 18, 1928, sustaining the garnishment proceeding commenced by the Farmers' National Bank of Alexandria, Minnesota, and the decree rendered July 14, 1928, refusing to set it aside, are affirmed; and the decree rendered August 1, 1928, allowing the drainage district damages on its injunction bond, is reversed, and the complaint of the drainage district for an allowance of damages is dismissed.