· McLEOD, COMMISSIONER OF REVENUES, *v.* MABRY.

4-7262                                    177 S. W. 2d 46

Opinion delivered January 17, 1944.

*Virgil Ramsey* and *Herrn Northcutt*, for appellant.

*Ben B. Williamson*, for appellee.

ROBINS, J.   This is a certiorari proceeding, instituted in this court, in which we are asked by the Commissioner of Revenues for the state of Arkansas to annul a judgment rendered by the circuit court of Stone county, Arkansas, by which an execution issued by the clerk of that court against respondent, H. S. Mabry, was quashed.

The Commissioner of Revenues, claiming that respondent had failed to pay severance tax in the amount of $250.98, issued a "certificate of indebtedness," which the clerk of the circuit court of Stone county was directed to record as a judgment of the circuit court, in accordance with § 13386 (sub-division i) of Pope's Digest of the laws of Arkansas showing that this amount of tax, with penalty of $62.74, was due. This certificate was entered in the judgment record, and thereafter an execution against respondent for the amount due was issued and placed in the hands of the sheriff.

Respondent filed in the lower court a petition asking that the said execution be quashed on these grounds: That the "certificate of indebtedness" was void; that the Commissioner was seeking to collect severance tax on timber purchased by petitioner from the United States Forest Service, the severance of which was not subject to taxation; that petitioner was not indebted in the sum mentioned, or any other sum; that the severance tax accrued in Pope county, Arkansas; and that the liability for said tax was barred by laches and limitations.

The lower court heard the motion, and, after making certain findings, among them a finding to the effect that the testimony showed that respondent had paid all the severance tax shown to be due in the "certificate of indebtedness" and did not owe any severance tax for the years mentioned therein, entered a judgment quashing the execution.

The judgment recites that the sheriff was served with notice of this motion to quash the execution and appeared at the hearing, but is silent as to whether or not the Commissioner of Revenues appeared or was served with notice of the proceeding.

None of the testimony adduced before the circuit court is brought into the record presented to us in this proceeding. While it is set forth in the petition for certiorari filed in this court that no notice of the proceeding in the lower court, in which the execution was quashed, was served on the Revenue Commissioner, there is nothing in the record of the lower court showing whether or not there was service of such notice.

It is urged on behalf of respondent, *inter alia,* that the provisions of the statute under which the state Revenue Commissioner was authorized to file the "certificate of indebtedness" involved in this case are in violation of the Constitution because they do not afford the taxpayer a hearing on the question of his tax liability. In the view we take of this case it is unnecessary for us to pass on the constitutional question thus presented, or on the other irregularities urged by respondent against the validity of the "certificate of indebtedness."

Petitioner is seeking to quash a judgment of the circuit court on the ground that he was not notified of the proceeding in that court. The record before us indicates that petitioner was made a party to this proceeding and, in the absence of any showing to the contrary, we must presume that the lower court found that petitioner had been given due notice of the filing of the petition to quash the execution. In certiorari proceedings, we can look only to the record. This court, in the exercise of its

appellate jurisdiction, cannot receive testimony or consider anything outside of the record of the lower court.

"In the absence of statute or local practice otherwise, the reviewing court generally cannot, where the record is before it, consider the petition or papers on which the writ was granted. . . ." 14 C. J. S. 302.

Mr. Justice FIELD, speaking for the Supreme Court of the United States, said in the case of *Galpin* v. *Page*, 18 Well. (U. S.) 350, 21 L. Ed. 959: "It is undoubtedly true that a superior court of general jurisdiction proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law in such cases are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction not only of the cause or subject-matter of the action in which the judgment is given, but of the parties also. The former will generally appear from the character of the judgment. . . . The latter should regularly appear by evidence in the record of service of process upon the defendant or his appearance in the action. But when the former exists the latter will be presumed."

It was held by this court, in the case of *Redmond* v. *Anderson*, 18 Ark. 449 (headnote 2), that: "In a proceeding by writ of certiorari the court cannot look beyond the record certified."

Chief Justice ENGLISH, speaking for the court, in the case of *Dicus* v. *Bright*, No. 1, 23 Ark. 107, said: "It may be remarked upon the matters alleged in the petition *dehors* the transcript, and the deeds, etc., exhibited in support of the allegations, that they are foreign to the case. When the transcript of the proceedings before the justice of the peace is properly returned, upon the certiorari, the court must quash or affirm upon inspection of the transcript. *Redmond* v. *Anderson, ubi sup.; McCoy* v. *Jackson County*, 21 Ark. 475."

In the case of *Waldron* v. *Taenzer*, 79 Ark. 16, 94 S. W. 925, the court said: "The case of *Boyd* v. *Roane*,

49 Ark. 397, 5 S. W. 704, and the more recent cases of Clay v. Bilby, 72 Ark. 101, 79 S. W. 749, 1 Ann. Cas. 917; Ballard v. Hunter, 74 Ark. 174, 85 S. W. 252, and Johnson v. Lesser, 76 Ark. 465, 91 S. W. 763, determine that when a domestic judgment is attacked collaterally, if it appears that the court had jurisdiction of the subject-matter, even though the whole record, when taken together, does not show that the court had jurisdiction of the person, the presumption will be indulged that the parties were duly served, and that the court rendering the judgment had jurisdiction of the defendants."

In the case of Martin v. Hargrove, 149 Ark. 383, 232 S. W. 596, (a certiorari proceeding) it was said: "These questions of fact cannot be considered by us in this proceeding as we look only to the face of the orders which the proceeding seeks to quash."

This court, in the case of Cazort v. Road Improvement District No. 3, 175 Ark. 570, 299 S. W. 1014, said: "This is a proceeding by certiorari, and the validity of the order sought to be quashed must be determined from an inspection of the face of the record itself, and the relief prayed must be denied unless the invalidity of the order so appears."

While the record of the lower court does not affirmatively show that notice of the proceeding was given to the Revenue Commissioner, it does not show that such notice was not given, and, since the circuit court is a court of superior jurisdiction, in a collateral attack on its judgment, it must, in the absence of a showing to the contrary, be presumed that all parties to the proceeding were properly notified. The allegation in the petition for certiorari filed in this court to the effect that petitioner had no notice of the proceeding below does not overcome the presumption that the lower court had jurisdiction of all parties.

The effect of the statute (Pope's Digest, § 13386, sub-division i) is to make the "certificate of indebtedness" issued by the Revenue Commissioner in a case of this kind a judgment of the circuit court, so as to

authorize the issuance of execution thereon. The execution involved herein was an execution of the circuit court, and that court had jurisdiction to determine whether or not it had been properly issued. Freeman, Law of Executions, vol. 1, § 75.

In the case at bar the record shows that the circuit court found that the execution was improperly issued for the reason (among others) that the taxes sought to be collected thereunder had been paid. We must presume that the circuit court had evidence before it to justify this finding, and that, in the light thereof, it was authorized to quash the execution.

The petition to quash the judgment of the lower court quashing the execution will be denied.