John N. Barber and Wife *vs.* Nicholas Morris and Wife.

July 8, 1887.

**Jurisdiction—Service of Summons by Publication—Filing of Affidavit.**—The statute (Gen. St. 1878, c. 66, § 64,) authorizing a constructive service of a summons by publication "upon the filing of an affidavit" of the non-residence of the defendant, etc., makes the filing of such an affidavit a condition precedent to an authorized publication. The publication of a summons, unless so authorized, is ineffectual to confer jurisdiction, and a judgment entered thereon is void, even though such an affidavit be filed *after* the publication, and on the day of entry of the judgment.

**Same—Record—Presumption.**—Where the record sets forth the manner in which the summons in an action was served, and this was ineffectual to confer jurisdiction, it will not be presumed that a valid service was made in some other way. *Gemmell* v. *Rice*, 13 Minn. 371, (400,) overruled in this particular.

**Same—Attachment.**—An attachment of property of the defendant in such an action, without an authorized service of the summons, does not give the court jurisdiction.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Young, J.,* presiding, refusing a new trial.

*J. L. Dobbin* and *J. L. Parker,* for appellants, cited *Kipp* v. *Fullerton,* 4 Minn. 366, (473;) *Reynolds* v. *La Crosse, etc., Co.,* 10 Minn. 144, (178, 186;) *Gemmell* v. *Rice,* 13 Minn. 371, (400;) *Paine* v. *Mooreland,* 15 Ohio, 436, 444, (45 Am. Dec. 585;) *Bailey* v. *Beadles,* 7 Bush, (Ky.) 383; *Voorhees* v. *Bank of U. S.,* 10 Pet. 449, 472; *Parker* v. *Miller,* 9 Ohio, 108, 113; *Adams* v. *Jeffries,* 12 Ohio, 253, 272, (40 Am. Dec. 477;) *Cooper* v. *Reynolds,* 10 Wall. 308, 319; *Hardin* v. *Lee,* 51 Mo. 241; *Hunt* v. *Loucks,* 38 Cal. 372; *Parmelee* v. *Hitchcock,* 12 Wend. 96; *Porter* v. *Partee,* 7 Humph. 168; *Beach* v. *Abbott,* 6 Vt. 586; *Freeman* v. *Thompson,* 53 Mo. 183; *Foot* v. *Stevens,* 17 Wend. 483; *Cook* v. *Darling,* 18 Pick. 393; *Huntington* v. *Charlotte,* 15 Vt. 46; *Foster* v. *Dugan,* 8 Ohio, 87, 108; *Granger* v. *Clark,* 22 Me. 128; *Dean* v. *Thatcher,* 32 N. J. Law, 470; *Hynes*

v. *Oldham,* 3 T. B. Mon. (Ky.) 266; *Benningfield* v. *Reed,* 8 B. Mon. 102; *Newcomb* v. *Newcomb,* 13 Bush, (Ky.) 544, 565; Drake on Attachments, §§ 437–448; 1 Smith, Lead. Cas. 1015, 1016; Freeman on Judgments, 101.

*C. A. Ebert,* for respondents.

DICKINSON, J. This is an action for the partition of real estate. The defendants denied the plaintiffs' alleged title. That title depends upon the validity of a judgment entered March 25, 1884, in favor of one Mary A. Becker, in an action by her against Peter Morris, who then owned an undivided half of the premises. In that action an affidavit for the publication of the summons was made on the 11th day of January, 1884, such as is required by Gen. St. 1878, c. 66, § 64, alleging the non-residence of the defendant, and that his place of residence was not known to the plaintiff; and thereupon an order was made by the court, on the 14th day of January, for the publication of the summons. The statute did not at that time require an order for such publication, but prescribed that, "* * * upon the filing of an affidavit" such as has been just referred to, the service might be made by the publication of the summons. The affidavit, however, was not filed until March 25th, the day of the entry of the judgment; neither was the order above referred to filed until that day. On the 16th of January a writ of attachment was issued in that action, and levied upon this property. The summons was published for six weeks following the 19th day of January, and, upon proof of the default of the defendant, judgment was entered March 25th. The plaintiffs' asserted title was acquired through sale under execution issued upon that judgment.

The statute prescribes the means, through a constructive service of the summons, by which a court may acquire jurisdiction to render judgment affecting property within the state. This mode of conferring jurisdiction is effectual only as the statute makes it so; and whatever the statute prescribes as a prerequisite condition cannot be dispensed with. The statute allowing publication to be made "upon the filing" of the affidavit makes that act a condition essential to constitute an authorized publication. This not having been done until after the publication had been completed, the court ac-

quired no jurisdiction, and its judgment was void. *Anderson* v. *Coburn*, 27 Wis. 558; *Cummings* v. *Tabor*, 61 Wis. 185, (21 N. W. Rep. 72;) *Bradley* v. *Jamison*, 46 Iowa, 68; *Murphy* v. *Lyons*, 19 Neb. 689, (28 N. W. Rep. 328.)

The court, by its order of publication, did not dispense with the requirement of the statute respecting the filing of the affidavit, nor could this be done. The defect appears upon the face of the record, the affidavit being officially indorsed by the clerk, "Filed March 25, 1884," and the court finds in this case that it was not filed until that date. The recital in the judgment of the summons having been duly served, is qualified by the fact shown by the record, and which was a proper part of the judgment-roll, as to the manner in which service was made. It thus appearing that the affidavit prescribed by statute was filed on the day when the judgment was entered, it will not be presumed that one was filed prior to that time. *Galpin* v. *Page*, 18 Wall. 350, 366; *Clark* v. *Bryan*, 16 Md. 171; *Clark* v. *Thompson*, 47 Ill. 25; *Hahn* v. *Kelly*, 34 Cal. 391; *Ely* v. *Tallman*, 14 Wis. 28; Freem. Judgm. 125.

We are all of the opinion that what was said to the contrary in *Gemmell* v. *Rice*, in 13 Minn. 371, (400,) is opposed both to authority and to principle, and should be overruled. While Mr. Justice Berry, by reason of sickness, does not take part in this decision, it is just to state that in the consideration of the case he also expressed his conviction that *Gemmell* v. *Rice* was, in this respect, wrong.

The plaintiffs sought to sustain the judgment by testimony tending to show the delivery of an affidavit to the clerk on the 16th of January. But there is no finding that such was the fact, nor does the evidence conclusively show that it was so. Whether or not there is anything in the plaintiffs' theory that *delivering* the affidavit to the clerk, even though it was not filed by him, would be sufficient to authorize the publication, the point rests upon an assumed fact not established by the findings of the court, and is not now available to the plaintiffs. The finding of the court that no affidavit was filed until March 25th is justified by the evidence, not only as respects the actual filing, but as to the delivery to the clerk for filing, if that were all that was requisite, and upon this finding the conclusion of the

court as to the jurisdiction was right. Whether the evidence to which we have alluded was admissible is not a question involved in this appeal, and we do not consider it.

The court did not acquire jurisdiction by its attachment of property without any service of the summons. An attachment alone has not such an effect where, as is the case in this state, the attachment is ancillary to the action, a provisional remedy in the action, and not the means prescribed for the purpose of conferring jurisdiction. *Cleland* v. *Tavernier,* 11 Minn. 126, (194;) *Jarvis* v. *Barrett,* 14 Wis. 591; *Bell* v. *Olmsted,* 18 Wis. 69.

The judgment being void for want of jurisdiction, and that appearing upon the face of the record, no title was acquired by the purchaser under the execution. *Harrington* v. *Loomis,* 10 Minn. 293,. (366;) Freem. Judgm. § 117.

Order affirmed.