WILLIAM A. BROWN *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

June 12, 1888.

**Eminent Domain—Service by Publication — Non-Residents—Affidavit.**—Under Gen. St. 1878, c. 34, § 15, it is a condition precedent to the right to make service by publication of the notice therein required, upon non-resident land-owners, or those whose residence is unknown, that an affidavit shall have been filed, showing the fact of the non-residence, or that after diligent inquiry the residence of such owner is unknown, or cannot be ascertained. Rule laid down in *Barber* v. *Morris*, 37 Minn. 194, followed.

Ejectment for land in Ramsey county. Defence, title claimed to have been acquired by condemnation proceedings. On the trial, in the district court for Ramsey county, before *Kelly*, J., it was conceded that William Brown, Jr., was, in his life-time, the owner of the land, and that he died in the city of Philadelphia, in 1870; that the title stood of record in his name until February, 1887; that his will was filed for probate in the probate court of Ramsey county in June, 1886, and that in February, 1887, by decree of that court, the land was assigned to plaintiff. The defendant then offered in evidence the records and files in the condemnation proceedings, under Gen. St. 1878, c. 34, showing, among other things, a petition filed June 20, 1885, with notice that it would be presented to the court July 25, 1885, the petition describing the land and naming William Brown, Jr., as the owner; also the printer's affidavit of publication of the petition and notice from June 20 to July 11, 1885, (both inclusive,) the affidavit being filed July 22d; also the affidavit of defendant's attorney, made and filed July 25, 1885, showing that William Brown, Jr., was a non-resident of the state; also the order ap-

pointing commissioners, made October 25, 1885, with the subsequent proceedings. The plaintiff objected to the evidence, on the ground (among others) that it appeared that no notice had been given of the presentation of the petition sufficient to give the court jurisdiction or authorize it to act in respect to the land in question. The objection was sustained, and the evidence was excluded, the defendant excepting. The jury found for the plaintiff, and the defendant appeals from the judgment entered on the verdict.

*D. A. Secombe*, for appellant.

*Clark, Eller & How*, for respondent.

VANDERBURGH, J.   Under Gen. St. 1878, c. 34, § 15, service of notice of the presentation of the petition in the condemnation proceedings therein provided for can only be made by publication upon non-resident owners or incumbrancers, or those whose residence is unknown; and as we interpret that section, before such constructive service can be resorted to, the fact of non-residence, etc., must be ascertained and proof thereof duly made by affidavit. The particular provision referred to is as follows: "In all cases where the owner or person claiming an interest in such real property is a non-resident of this state, or where the residence of such owner or person is unknown, and an affidavit by the agent or attorney of the corporation shall be filed, showing that such owner or person is a non-resident of this state, or that, after diligent inquiry, his residence is unknown, or cannot be ascertained by such deponent, service of such notice may be made by publication," etc. It is clear that such "diligent inquiry" and the proof of the fact of non-residence, etc., are required in order to insure personal service in all cases where such service is made necessary, and not until the existence of these statutory conditions is shown by the required proof may service be made by publication. It was not sufficient, therefore, in this case, that the affidavit of non-residence should be made and filed on the day the petition was presented, and subsequent to the publication. The service by publication as made was therefore unauthorized, and no jurisdiction was acquired over the plaintiff. As to the proof of non-residence as a condition of service by publication, the statute does not differ in substance from that providing for the service of summons by publication in

ordinary cases, where the same rule is already established in *Barber* v. *Morris*, 37 Minn. 194, (33 N. W. Rep. 559.) The difference in phraseology of the two statutes is not material, and is such only as is necessary to adapt the language to the connection in which it is used in the section under examination. The filing of the affidavit before proceeding to publication is therefore jurisdictional, and on this ground the judgment must be affirmed.