BANKS *v.* DIRECTORS OF ST. FRANCIS LEVEE DISTRICT.

Opinion delivered June 3, 1899.

JUDICIAL SALE—REDEMPTION.—Where a judicial sale of land has been con- ducted fairly, and in substantial compliance with the law and the orders of the court directing the same to be made, it is error to permit the original owner to redeem before confirmation. (Page 492.)

Appeal from Crittenden Circuit Court, in Chancery.

FELIX G. TAYLOR, Judge.

*Norton & Prewett*, for appellant.

There was no right of redemption by the statute. Acts 1895, p. 91. When a statute gives no right of redemption, there is none. 2 Desty, Tax. § 140; 51 Ark. 453. The law in force at the rendition of the judgment must control. 43 Ark. 420; 69 N. W. 826, 828. The appellant's title was not such as could be tried on a summary motion. 3 How. 62; 8 Sm. & Marsh. 456; 14 Enc. Pl. & Pr. 81, 84. The sale by the commissioner was not a judicial sale. Freeman, Void Jud. Sales, § 1; 5 Mason, 420; 52 Ark. 290.

*R. C. Brown* and *Thos. M. Scruggs*, of Memphis, Tenn., for appellees.

The mere omission from the act of 1895 of the redemption clause of the act of 1893 did not work a repeal of the latter. Repeals by implication are not favored. 11 Ark. 103. *ib.* 496; 41 Ark. 149; 45 Ark. 90. They must be necessary and un-mistakably intended. 34 Ark. 499; 10 Ark. 588; Crawf. Dig. Ark. Reps. 857; 48 Ark. 159; 56 Ark. 45. Having become parties and invoked the aid of the court, appellants are bound by the decree.

BUNN, C. J. This is a motion in the chancery court of Crittenden county to compel the commissioner of said court to make deeds, in pursuance of sale made by him under the decretal order of said court, to the petitioners as purchasers at

said sale. The motion was overruled, and the movers appealed to this court.

On November 28, 1895, said court decreed the sale of the lands in controversy for the non-payment of the levee district taxes assessed against them, under the provisions of the act entitled "An act creating the St. Francis Levee District," approved February 15, 1893, and the amendatory act, approved March 21, 1893, and a further amendatory act, approved April 2, 1895; and appointed J. L. Holloway as commissioner to sell the same, and the sale was made accordingly by him, and the appellants became the purchasers, on the 21st and 22d of July, 1896, the dates of said sale, and paid in cash the amount bid by each to said commissioner, and demanded of him their deeds accordingly, which he declined then and there to give. Said commissioner filed his report of sale at the following term, to-wit: on the 19th day of November, 1896, in which it appeared that various parties whose land had been sold by him at said sale had, before the completion of his report, come forward and paid him the taxes, penalty and costs, and he had given them certificates of redemption.

Thereupon, the appellants, Lem Banks, F. A. Cordes and Minor Merriwether, purchasers at said sales, to-wit on the 3d of December, 1896, filed their separate and several motions, which are as follows: "Comes Lem Banks, and moves the court for an order directing J. L. Holloway, commissioner in this cause, to execute and deliver to him a deed for lands by him bought at the sale under the decree herein rendered, and for cause says: That, as directed by the decree of this court, the commissioner, on the 21st and 22d days of July, 1896, offered at public outcry to the highest and best bidder for cash, and, after giving the notice required by said decree, and otherwise complying with its provisions, sundry lands situated in Crittenden county, Arkansas, among them the following tracts, which were condemned and sold in the names of the parties hereafter appearing in the lines with the tracts respectively, and were struck off to him at the sums opposite the tracts respectively; the names of the parties being first on each line, followed by a description of the land, and the amount bid and paid for the same. The list of the lands purchased by him is

then given, with the names of the owners, and also the taxes assessed against each tract. Similar motions were made and filed by the other two purchasers, and all three were overruled by the court, to which exceptions were duly made and saved, and this ruling of the chancellor raises the issue in this case, that is to say, whether the said owners had a right to redeem at the time and in the manner they did.

The amendatory section had the effect of repealing the original clause allowing redemption, and the amendatory act fails to provide for redemption elsewhere. It follows that there is no statutory right of redemption from sales under these condemnation proceedings, except as in favor of infants and insane persons, which is provided for. The act provides that the enforcement of the payment of the taxes, penalties and costs assessed and levied against the lands in the district shall be in the chancery courts, in the counties where the lands are respectively situated, and, in condemning the lands and making sales thereof, these courts are to proceed according to the usual course of chancery courts.

The usual method of chancery courts, when enforcing liens on lands to pay money demands, is to condemn the lands to be sold, and to direct the sale to be made on a certain day in the future, unless the lands are sooner redeemed by the payment of the debt, interest and costs. And, if not so redeemed, the sale is made, and thereby the rights of purchaser attach, and will not be disturbed by the court on passing upon the report of sale and exceptions thereto, where the sale has been fair and in substantial compliance with the law and the orders of the court directing the sale to be made. Of course, a suggestion of judicial defects will be the subject of inquiry at every stage of the proceedings.

The original decree condemning these lands for sale contained the following as to the privilege of redemption: "And it is further ordered and decreed that any of said defendants, or any persons for them, or any person claiming any of said lands or interest therein, may, before sale, pay to the clerk of this court the amount of taxes, interest, penalty and costs set opposite each tract severally, both in foregoing statement and the costs hereinafter provided for that may have occurred at the

time of payment, and said clerk shall give a receipt therefor, and note the fact of payment, and by whom paid, on the margin of this decree, and against the tract so paid on." This decree in effect permits redemption up to the sale, but not afterwards, and under it the commissioner permitted many tracts to be redeemed before the day of sale, and no controversy over this fact is made here. Another provision in the original decree reads as follows, to-wit: "And it is further ordered, adjudged and decreed that said commissioner shall execute deeds of conveyance to purchasers of land so sold, and shall include all the lands sold to a purchaser in one deed unless otherwise directed by the purchaser, and for each deed the commissioner shall receive a fee of one dollar, to be paid by the purchaser."

The time for making the deed or deeds is after confirmation of sale; for, until the sale is confirmed, it can never be known what changes there may be made in the report of sale in order to its confirmation. In this respect the sale may be said to be incomplete until confirmation. But where the sale has been fairly conducted according to law under the decretal orders of the court, the rights of the purchasers cannot be disturbed by matters occurring after the sale brought in by the commissioner, although approved by the court on final hearing and confirmation of his report of the sale.

The following lands were sold, but afterwards permitted to be redeemed before the commissioner's report of sale was confirmed, and released to their respective owners on payment of the taxes, penalty, interest and costs assessed against them, namely:

N. E. $\frac{1}{4}$ and W. $\frac{1}{2}$ Sec. 21, T. 7 N., R. 7, taxed to Jonas Carr.

S. E. $\frac{1}{4}$ W. $\frac{1}{2}$ Sec. 21, T. 7, R. 7, taxed to C. W. Willets, Receiver.

S. W. Frl. $\frac{1}{4}$ Sec. 21, T. 7, R. 7, taxed to Charles Morgan.

S. E. $\frac{1}{4}$ Sec. 6, T. 4, R. 8, taxed to Estate of J. N. Williford.

W. $\frac{1}{2}$ Sec. 7, T. 4, R. 8, taxed to Estate of J. N. Williford.

N. E. $\frac{1}{4}$ Sec. 6, T. 4, R. 8, taxed to Estate of J. N. Williford.

N. E. $\frac{1}{4}$ Sec. 7, T. 4, R. 8, taxed to Estate of J. N. Williford.

And perhaps other tracts. At all events, all lands belong-

ing to the estate of J. N. Williford and the North American Trust Company, S. M. Jarvis, trustee, and C. N. Willets, Receiver.

Before final decree of confirmation, it was shown, by proper affidavits in regard to these lands, that, while the owners of them were residing in other states, yet, in each case, respectively, these owners had an agent or tenant in actual occupancy during the whole period of assessment, levy and suit to foreclose; and that, as the only notice of the bill to foreclose was constructive notice, actual notice should have been given on these agents and tenants, and, as this was not done, the foreclosure and sale were void as to these lands; but, as the owners had voluntarily appeared, and paid the taxes, interest, penalty and costs, without controversy, there was no error in the chancellor releasing these lands, and his decree as to them is affirmed; but as to the other lands involved in this controversy, saving the rights of minors and insane persons named in the act, the decree of confirmation is reversed, and the cause remanded, with directions to the chancellor to have the report corrected on the facts, and under the rule here laid down, and order deeds to be made accordingly.