McMahan *v.* Smith.

Opinion delivered October 26, 1901.

69 591
71 322

1. PUBLICATION—UNKNOWN HEIRS.—Under Sand. & H. Dig. § 5681, authorizing a warning order against unknown heirs where it appears by the complaint that the names of such heirs are unknown to the plaintiff, it is not sufficient to make such allegation in a separate affidavit or in the caption of the complaint. (Page 593.)

2. SAME.—A complaint which alleged that the plaintiff complained of "the unknown heirs" of R., that he had a right to have the equity of redemption of the unknown heirs of R. foreclosed, that one claiming to be the heir of R. was dead, and that his heirs were unknown, did not authorize the issuance of a warning order against the heirs of R. as unknown. (Page 594.)

3. SAME.—Whether it is sufficient to allege that the heirs of R. are unknown, without alleging that the names of such heirs are unknown, *quaere*. (Page 595.)

Appeal from Garland Chancery Court.

WM. H. MARTIN, Special Chancellor.

### STATEMENT BY THE COURT.

This was originally an action of ejectment brought in 1873 by W. H. Smith and John M. Harrell against Mary J. McMahan and the administrator of the estate of John A. Riley, to recover of them the possession of a lot in the city of Hot Springs. The plaintiffs relied for title upon a patent from the United States conveying the lot in question to Riley, a mortgage from Riley to plaintiff Smith to secure a note for $232, and a foreclosure sale and conveyance under a power contained in the mortgage to John M. Harrell as agent for Smith. The defendant appeared, and answered, and set up, among other things, that the foreclosure sale to Harrell was void.

The case was transferred to the equity docket, and several amendments to pleadings were filed by each party. Finally, on the 4th day of February, 1898, an amended complaint was filed, in which the parties are set out in the caption as follows: "W. H. Smith, plaintiff *v.* Mary J. McMahan and the heirs of John A. Riley, deceased, who are unknown to the plaintiff." In the amended complaint, plaintiff Smith recites the fact of the execution of the mortgage by Riley and the sale of the lot under the power contained in the mortgage to Harrell as agent of plaintiff. The prayer is, in part, that the equity of redemption of John A. Riley and his heirs and legal representatives in said premises be foreclosed, and that the same be sold under the decree of the court in satisfaction of the mortgage to plaintiff. John M. Harrell does not appear as a plaintiff in this complaint, but his name is signed to it as the attorney of Smith. This complaint superseded the former complaints filed in the case, and the case was heard

upon it, the answer thereto and the evidence. There was a decree in favor of plaintiff for a foreclosure of the mortgage. Defendant Mary J. McMahan appealed.

*Wood & Henderson,* for appellants.

The heirs and administrator of John A. Riley were necessary parties to the suit in the chancery court. 32 Ark. 297; *ib.* 307; 34 Ark. 302; 39 Ark. 65; 39 Ark. 307; 33 Ark. 250; 23 Ark. 477. The constructive service upon the heirs of John A. Riley was insufficient, because there is no showing or allegation that the names of said heirs were unknown. Sand. & H. Dig., §§ 5149, 5681. *Cf.* Notes, Ky. Code of Practice, § 88, p. 303. The law as to constructive service of process must be strictly complied with. 11 Ark. 120; 23 Ark. 510; 25 Ark. 60; 30 Ark. 719; 51 Ark. 34; 22 Ark. 280.

*J. M. Harrell,* for appellees.

RIDDICK, J., (after stating the facts). This is an action to foreclose a mortgage on land, executed by John A. Riley. Riley was dead when the action was commenced, and the first question that arises on the appeal is, whether his heirs were properly brought before the court, and whether the court had jurisdiction over them. There was no actual service of summons upon them, but the attempt was made to have them constructively summoned as unknown heirs.

The statute which permits a constructive summons by warning order in such case is as follows: "Where, in an action against the heirs of a deceased person as unknown heirs, or against other persons made defendant as unknown owners of any property to be divided or disposed of in the action, it appears by the complaint that the names of such heirs, or any of them, or of such other persons are unknown to the plaintiff, a warning order, as directed in the last section, shall be made by the clerk against such unknown heirs or owners." Sand. & H. Dig., § 5681.

It will be noticed that the statute requires that it must appear from the complaint that the names of the defendants are unknown. We understand from this that, before a warning order can be legally made against heirs as unknown parties, it must appear from an allegation in the complaint that the names of such heirs are unknown to the plaintiff. It is not a sufficient compliance with the statute to make the allegation in a separate affidavit, or to make it in the style or caption of the complaint; for it was intended that

this allegation should be made and verified by affidavit, as other allegations of the complaint are verified. Now, the parties to this action, as set out in the style of the action, are "W. H. Smith, plaintiff, against Mary J. McMahan and the heirs of John A. Riley, who are unknown to plaintiff, defendants." But in the body or stating part of the complaint there is no such allegation. The the complaint commences by alleging that "the plaintiff complains against Mary J. McMahan and the unknown heirs of John A. Riley, deceased," and in another part of the complaint the plaintiff avers that he has the right to have the equity of redemption of the unknown heirs of John A. Riley foreclosed, but he does not allege, and it does not appear from the complaint, that all of the heirs of John A. Riley and their names are unknown to him. The only direct allegation in the body of the complaint as to the heirs of Riley being unknown is as follows: The plaintiff states "that Hugh Riley was at one time a party to the suit of M. J. McMahan against plaintiff, claiming to be the brother and heir of John A. Riley residing in Chicago in the state of Illinois; that said Hugh Riley has now been dead for several years, and, if any heirs survive him, they are unknown to plaintiff." But this statement that the heirs of Hugh Riley are unknown to plaintiff is not sufficient to authorize a warning order against the heirs of John A. Riley as unknown. At most, it would only authorize a warning order against the heirs of Hugh Riley, for the statement might be true, and still there might be other heirs of John A. Riley known to plaintiff.

The complaint was not verified either by the plaintiff or his attorney, but there was filed with the complaint the affidavit of John M. Harrell, which stated that the heirs of John A. Riley were his brothers, Hugh and Peter Riley, who are reported dead, and that any and all descendants of said brothers are nonresidents of this state, and are unknown to plaintiff and affiant, and all the unknown heirs of said John A. Riley are nonresidents of the state of Arkansas. Now, this affidavit was not a part of the complaint, but, even if it be so treated, it was not sufficient, for it affirmatively shows that the heirs of John A. Riley were known, that his heirs were his two brothers, Hugh and Peter. The mere fact that these brothers are, as the affidavit alleges, reported dead, and that their descendants are unknown, does not, we think, authorize a warning order against the heirs of John A. Riley as unknown. At most this would only authorize a warning order against the

heirs of Hugh and Peter Riley, who are unknown. So, it does not appear from any direct allegation, either in the complaint or affidavit, that the heirs of John A. Riley were unknown to the plaintiff. On the contrary, taking the two together, it does appear that the heirs of John A. Riley were Hugh and Peter Riley, whose names were known to plaintiff. For these reasons, we are of the opinion that there was no authority to issue the warning order against the heirs of John A. Riley as unknown in this case, and that the chancellor erred in so holding.

Again, as we have said, the statute quoted above provides for a warning order against unknown parties only when it appears from the complaint that the names of such heirs or persons are unknown to the plaintiff. In speaking of a similar provision of the Kentucky code, Mr. Newman says: "It must also be observed that it will not be sufficient to allege that the heirs or owners of the property are unknown. Both the former law and the code require that the allegation should be that their *names* are unknown, and not merely that the plaintiff is unacquainted with or does not know the heirs or owners of the property." Newman, Plead. & Prac. 295. This statement of the law is supported by citation of decisions of the supreme court of Kentucky, and seems to me to be a correct interpretation of the statute. The rule at the common law was that a defendant must be sued by his true name. The statute in actions against unknown heirs or unknown owners of property permits a constructive service on such persons by publication when it appears by the complaint that the names of such heirs or other persons are unknown to the plaintiff. It is well settled that in such deviations from the common law the statute must be strictly pursued. *Gardner* v. *Kraft,* 52 How. Pr. 499; Bliss, Code Pleading, § 147. But nowhere in this proceeding was there any allegation that the names of the heirs of John A. Riley were unknown to the plaintiff. This, in the opinion of Mr. Justice Hughes and myself, furnishes another reason why the court erred in holding that the heirs of John A. Riley had been properly warned to appear in this action.

For the error indicated the judgment is reversed, and the cause remanded for further proceedings.

Mr. Justice Hughes concurred, and Mr. Justice Battle also concurred in the judgment and in the opinion, on the ground that there was no allegation in the complaint that the heirs of John A. Riley were unknown to plaintiff. He dissents from so much of

opinion as holds that there must be an allegation in the complaint that the names of the heirs are unknown; he being of the opinion that it is sufficient if the complaint alleges that such heirs are unknown to the plaintiff.

BUNN, C. J., dissented; WOOD, J., not participating.