### JOHNSON et al. v. HUNTER et al.*

(Circuit Court of Appeals, Eighth Circuit. August 20, 1906.)

#### No. 2,073.

1. PROCESS—CONSTRUCTIVE SERVICE—AFFIDAVIT FOR—ARKANSAS SPECIAL STATUTE.

Under the Arkansas Special Statute (Laws 1893, pp. 24, 119; Laws 1895, p. 88) for enforcing the payment of levee taxes upon lands in the St. Francis levee district by suits in the chancery courts, which provides that "notice of the pendency of such suit shall be given as against non-residents of the county * * * by publication," but "actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land," and under section 5679, Sand. & H. Dig., which the act makes applicable to such suits, an affidavit filed in the suit and alleging that a defendant, proceeded against as a known owner, is a nonresident of the county and is absent therefrom, and that there is not an occupant upon his land, is a prerequisite to service by publication against him, and is strictly jurisdictional in character.

2. SAME—AFFIDAVIT MUST STATE ESSENTIAL FACTS, OR PUBLICATION WILL BE WITHOUT AUTHORITY.

An affidavit for publication which is not merely informal, but entirely fails to state some of the facts made essential by statute, will not authorize service by publication.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Process, §§ 114, 115.]

---

*Rehearing denied November 16, 1906.

3. JUDGMENT—JURISDICTION—PRESUMPTIONS—COLLATERAL ATTACK.

The presumptions which the law implies in support of the judgments of superior courts of general jurisdiction only arise with respect to jurisdictional facts, concerning which the record is silent, and when it discloses the evidence upon which service by publication was had, and this was ineffectual for the purpose, it will not be presumed that other or different evidence was presented, but the judgment will be void and open to collateral attack.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

For opinion below, see 127 Fed. 219.

William M. Randolph (George Randolph and Wassell Randolph, on the brief), for appellants.

A. B. Shafer (L. P. Berry, on the brief), for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This is a controversy over the title to certain lands in Crittenden county, Ark., which were sold under decrees rendered in 1898 and 1899 by the chancery court of that county in suits prosecuted by the St. Francis levee district to enforce the payment of levee taxes. There were two such suits, one embracing part of the lands and the other the remainder, the proceedings in which were the same so far as they are material to the present decision. The appellants are the heirs at law of A. H. Johnson, the owner of the lands prior to and at the time of the suits, and the appellees are the holders of the title conveyed by the sales made under the decrees.

The appellants, by a bill to quiet title, collaterally assailed the decrees upon the ·ground, among others, that, in so far as they affect the lands now in controversy, they rest entirely upon service of notice by publication, which was unauthorized and void, because no affidavit was made or filed showing or stating the existence of conditions rendering that mode of service permissible. The appellees, by a cross-bill, affirmed the validity of the decrees, as also of the sales thereunder, and prayed that their title be quieted. The suit was commenced in the chancery court of Crittenden county and was then removed to the Circuit Court, which, upon final hearing, rendered a decree dismissing the bill and granting the relief prayed in the cross-bill. 127 Fed. 219.

The other facts material to the present decision are as follows: Johnson was a resident of the state of Ohio. He did not appear in either of the suits of the levee district and knew nothing of them. No attempt was made to bring him into court by actual service of a summons. The complaints described him as the known owner of the lands now in controversy, alleged that he was a nonresident of Crittenden county, and prayed that a warning order be issued against him and such other defendants as were alleged to be nonresidents, and that summons be issued for the resident defendants, but there was no allegation that Johnson was not then in the county or that there was then no occupant upon his lands. The complaints were

verified. Upon the filing of them, and without the making or filing of any affidavit, other than the verified complaints, the clerk, conforming to the prayer of each complaint, made and caused to be published warning orders against Johnson and such other defendants as were alleged to be nonresidents. Each decree recites that certain of the defendants, not including Johnson, were served with summons by the sheriff, and that certain other defendants, including Johnson, were constructively summoned or warned by publication. Neither decree purports to find that Johnson was not in the county when the suit was commenced, or that there was then no occupant upon his lands, or that notice to him by publication was authorized.

The suits were instituted under the Arkansas act of February 15, 1893, as amended March 21, 1893, and April 2, 1895 (Laws 1893, pp. 24, 119; Laws 1895, p. 88) which contains these provisions:

"And notice of the pendency of such suit shall be given as against nonresidents of the county, and unknown owners, respectively, when such suits may be pending, by publication. * * * And as against any defendant who resides in the county where such suit may be brought, and who appears by the record of deeds in said county to be the owner of any of the lands proceeded against, notice of the pending suit shall be given by the service of personal summons of the court. * * * And provided further, actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land. * * * Said suit shall be conducted in accordance with the practice and proceedings of chancery courts in this state, except as herein otherwise provided. * * * Laws 1895, pp. 89-92.

The act also contains a form of notice, to be used when service by publication is had, which is in the nature of an extended warning order, to be made or issued by the clerk, and is required to set forth the names of the known owners who are to be thereby notified, together with a description of their lands. How the clerk is to be advised when the conditions exist, in respect of any defendant, which render service by publication permissible is not directly stated, but the provision that suits to enforce the payment of taxes shall be conducted according to the practice and proceedings of chancery courts, except as it is otherwise provided in the act, makes applicable to such suits section 5679 of Sandels & Hill's Digest, which, in respect of proceedings in the chancery and other courts of the state, authorizes the clerk to make a warning order and to cause it to be published only when it appears by affidavit filed in his office that the conditions exist which render that mode of service permissible. Such an affidavit, adapted to the terms of the levee act, and placed of record in the suit, is therefore a prerequisite to the issuance and publication of the prescribed warning order, and is strictly jurisdictional in character. Memphis Land & Timber Co. v. St. Francis Levee District, 70 Ark. 409, 68 S. W. 242; McMahan v. Smith, 69 Ark. 591, 65 S. W. 459; Howard v. De Cordova, 177 U. S. 609, 614, 20 Sup. Ct. 817, 44 L. Ed. 908; Noble v. Union River Logging R. R. Co., 147 U. S. 165, 173, 13 Sup. Ct. 271, 37 L. Ed. 123; Earle v. McVeigh, 91 U. S. 503, 508, 23 L. Ed. 398; Barber v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. St. Rep. 836; Brown v. St. Paul, etc., Co., 38 Minn. 506, 38 N. W. 698; Murphy v. Lyons, 19 Neb. 689, 28 N. W. 328; An-

derson v. Coburn, 27 Wis. 558; Chase v. Kaynor, 78 Iowa, 449, 43 N. W. 269; Adams v. Baldwin, 49 Kan. 781, 31 Pac. 681. We say adapted to the terms of the levee act, because the particular conditions in which constructive service is permissible in other suits, as specified in section 5679, such as "that the defendant is a nonresident of this state, or has departed from this state with intent to delay or defraud his creditors," are essentially different from those specified in the levee act and are inapplicable to suits under it. Now what are the conditions in which service by publication against a defendant, as a known owner, is permissible in suits under that act? The answer is not doubtful when the provisions of the act before quoted are read together in the light of recognized rules of interpretation. The conditions are that the defendant must be a nonresident of the county and must be absent therefrom and that there must not be an occupant upon the land. If the defendant be a resident of the county, or be present therein, or if there be an occupant upon the land, actual service of a summons is required. A defendant may be a nonresident of the county and yet be present therein so that actual service upon him can be had. If he is so present, the act plainly calls for such service. And a defendant may be a nonresident of the county and absent therefrom and yet the land be occupied by a tenant or other representative upon whom a summons can be served. If the land is so occupied, the act plainly calls for such service. Banks v. St. Francis Levee District, 66 Ark. 490, 494, 51 S. W. 830.

The Circuit Court, while seemingly conceding that service by publication in the absence of the requisite affidavit would be void, held that a verified complaint alleging the existence of conditions rendering such service permissible, may be treated as both a complaint and an affidavit, and further held that the complaints of the levee district were sufficient to sustain the service by publication because they alleged that Johnson was a nonresident of the county. We concur in the view that a complaint, if properly verified and containing what is required to be set forth in an affidavit for publication, may perform the office of such an affidavit, but we cannot assent to the view that these complaints were sufficient to sustain the service by publication. They did not contain what was required to be set forth in an affidavit. Of the three concurring conditions, without the existence of which that mode of service was not permissible, the complaints alleged the existence of one and were altogether silent in respect of the other two, that is, they stated that Johnson was a nonresident of the county but did not state that he was not present therein or that there was not an occupant upon the lands. An affidavit which is not merely informal, but entirely wanting in some of the essentials prescribed by statute, will not authorize constructive service. McMahan v. Smith, 69 Ark. 591, 65 S. W. 459; Shields v. Miller, 9 Kan. 390; Endel v. Leibrock, 33 Ohio St. 254; McGavock v. Pollack, 13 Neb. 535, 14 N. W. 659; Carnes v. Mitchell, 82 Iowa 601, 48 N. W. 941; McCracken v. Flanagan, 127 N. Y. 493, 28 N. E. 385, 24 Am. St. Rep. 481; Palmer v. McMaster (Mont.) 33 Pac. 132, 40 Am. St. Rep. 434.

We have not failed to observe that in Memphis Land & Timber Co. v. St. Francis Levee District, supra, and in the more recent case of Ballard v. Hunter, 85 S. W. 252, the Supreme Court of Arkansas seems to speak of nonresidence as if it were the only jurisdictional fact to be shown in the affidavit for publication, but we do not regard these decisions as intended to express the deliberate judgment of the court upon this subject. In one the question actually considered was whether or not any affidavit for publication was necessary, rather than what it should contain, and in the other it was whether or not a verified complaint could perform the office of such an affidavit; but in neither does the court's attention appear to have been directed to the provision, "and provided further, actual service of summons shall be had where the defendant is in the county or where there is an occupant upon the land." In the arrangement of the act, this provision is somewhat separated from the others which it is obviously designed to modify and restrain, and, in the absence of any controversy respecting it, it may well be that it was not observed by the court. Moreover, it was treated in Banks v. St. Francis Levee District, supra, as imposing restrictions upon service by publication and rendering void a decree for the sale of lands whose nonresident owners were brought into court merely by publication when, at the time, the lands were occupied by agents and tenants upon whom actual service of summons could have been had. As the object of exacting an affidavit as a prerequisite to notice by publication is to insure actual service of a summons in all cases where that is necessary, and to avoid the rendition of decrees and the creation of titles which are void, we think it is plain the statute contemplates that the affidavit shall set forth all, and not part, of what is essential to a lawful service by publication.

Did the absence of the requisite affidavit render the service by publication void and subject the decrees to collateral attack, or are they protected by a presumption that a sufficient affidavit was made and filed, notwithstanding what has been shown in that regard? The appellees strongly insist that as the chancery court of Crittenden county was a superior court of general jurisdiction and was specially clothed with authority to entertain suits to enforce the payment of levee taxes, the decrees are protected against collateral attack by a presumption that the warning order was made and published only after a sufficient affidavit had been made and filed. We assent to the premises, but not to the conclusion. The record in each suit fairly discloses that service by publication was had upon the mere allegation of nonresidence in the complaint, and, as this did not warrant that mode of service, the invalidity of the decree is shown upon the face of the record. There is, therefore, no room for presumptions, because they are indulged in respect of jurisdictional facts only when the record is silent, not when it discloses what was done and shown. 1 Black on Judgments, § 278. As was said in Galpin v. Page, 18 Wall. 350, 366, 21 L. Ed. 959:

"But the presumptions, which the law implies in support of the judgments of superior courts of general jurisdiction, only arise with respect to jurisdictional facts concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the facts

presumed. They have no place for consideration when the evidence is disclosed or the averment is made. When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred. If, for example, it appears from the return of the officer or the proof of service contained in the record, that the summons was served at a particular place, and there is no averment of any other service, it will not be presumed that service was also made at another and different place; or if it appears in like manner that the service was made upon a person other than the defendant, it will not be presumed, in the silence of the record, that it was made upon the defendant also. Were not this so it would never be possible to attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed."

The rule so announced was reaffirmed and applied in Settlemier v. Sullivan, 97 U. S. 444, 448, 24 L. Ed. 1110, where a judgment, although reciting that the defendant had been duly served with process, was held void upon collateral attack because of the insufficiency of the service disclosed by the record. The statute required the service to be made by delivering a copy of the process to the defendant personally, or, if he could not be found, to some member of his family at his usual place of abode, and the officer's return recited that he served the process by delivering a copy to the defendant's wife at his usual place of abode, but did not state that the defendant could not be found. The court, after observing that the inability of the officer to find the defendant was not a fact to be inferred, but a fact to be affirmatively stated in the return, said:

"Here it is contended that the recital in the entry of the default of the defendant in the case in the state court, 'that, although duly served with process, he did not come, but made default,' is evidence that due service on him was made, notwithstanding the return of the sheriff, and supplies its omission. But the answer is that the recital must be read in connection with that part of the record which gives the official evidence prescribed by statute. This evidence must prevail over the recital, as the latter, in the absence of an averment to the contrary, the record being complete, can only be considered as referring to the former. We do not question the doctrine that a court of general jurisdiction acting within the scope of its authority—that is, within the boundaries which the law assigns to it with respect to subjects and persons—is presumed to act rightly and to have jurisdiction to render the judgment it pronounces, until the contrary appears. But this presumption can only arise with respect to jurisdictional facts, concerning which the record is silent. It cannot be indulged when the evidence respecting the facts is stated, or averments respecting them are made. If the record is silent with respect to any fact which must have been established before the court could have rightly acted, it will be presumed that such fact was properly brought to its knowledge. But if the record give the evidence or make an averment with respect to a jurisdictional fact, it will be taken to speak the truth, and the whole truth, in that regard; and no presumption will be allowed that other and different evidence was produced, or that the fact was otherwise than as averred."

So in Cheely v. Clayton, 110 U. S. 701, 708, 4 Sup. Ct. 328, 28 L. Ed. 298, where the evidence upon which service by publication was had in a divorce proceeding was disclosed by the record and was insufficient, it was held, upon collateral attack, that this controlled

a general recital in the decree that due service had been had, and the decree was declared void.

And such is the rule of decision in the Supreme Court of Arkansas. Parr v. Matthews, 50 Ark. 390, 393, 8 S. W. 22; Cross v. Wilson, 52 Ark. 312, 12 S. W. 576; Martin v. M'Diarmid, 55 Ark. 213, 216, 17 S. W. 877; Gregory v. Bartlett, 55 Ark. 30, 35, 17 S. W. 344. In the last case a collateral attack was made upon a decree of one of the chancery courts of the state resting upon notice by publication, which the record disclosed was had without prior compliance with one of the requirements of the statute, although it was stated otherwise in the decree. The court held the decree void, saying:

"The contention that the court has passed upon the sufficiency of the notice by the rendition of the decree, and that the mistake was an error in the exercise of jurisdiction, to be taken advantage of only in a direct proceeding, is untenable, because, until the foundation had been laid for the issue and execution of process, the jurisdiction of the court had not attached for any purpose. No process was ever issued in the cause in which the challenged decree was rendered; the court's determination of any question was therefore coram non judice and binding upon no one. * * * The recital of the decree that there was proper notice to the parties in interest is not conclusive of that fact, but must be read in connection with that part of the record which gives, or is required to give, the official evidence of jurisdiction, as prescribed by statute. Boyd v. Roane, 49 Ark. 397, 5 S. W. 704; Settlemier v. Sullivan, 97 U. S. 444, 24 L. Ed. 1110; Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959. If such evidence is not required by the statute to be placed upon the record and the record recites, or is silent as to, the facts necessary to show jurisdiction, their existence will be presumed; but no presumptions are indulged when the evidence is stated upon the record (Boyd v. Roane, 49 Ark. 397, 5 S. W. 704), or where the statute requires the jurisdictional facts to appear of record and they are not made so to appear. Applegate v. Mining Co., 117 U. S. 255, 6 Sup. Ct. 742, 29 L. Ed. 892; Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959."

Other decisions to the same effect are Dick v. Foraker, 155 U. S. 404, 15 Sup. Ct. 124, 39 L. Ed. 201; Barber v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. St. Rep. 836; Murphy v. Lyons, 19 Neb. 689, 28 N. W. 328; Ely v. Tallman, 14 Wis. 28; Clark v. Thompson, 47 Ill. 25, 95 Am. Dec. 457.

Our conclusion is that the service by publication was void because had without the prerequisite affidavit, as is disclosed by the record in each suit, and that the decrees were therefore subject to collateral attack.

The decree of the Circuit Court is accordingly reversed, with directions to dismiss the cross-bill of the appellees and to enter a decree according to the prayer of the appellants' bill, but omitting therefrom the tract which it is conceded was included in the bill by mistake.