INDIANA & ARKANSAS LUMBER & MFG. CO. et al. v. BRINKLEY.

DEUTSCH v. SNOWDEN et al.

(Circuit Court of Appeals, Eighth Circuit.    October 28, 1908.)

Nos. 2,751, 2,752.

1. JUDGMENT (§ 17*) — PROCESS TO SUSTAIN—JURISDICTION OF PERSON—WARN-ING ORDER TO "HEIRS OF DECEASED PERSON" INEFFECTUAL TO ACQUIRE IN ABSENCE OF STATUTE.

A decree in a suit in personam against heirs of a deceased person with-out giving their names in the complaint or warning order is beyond the jurisdiction of a court, and void in the absence of legislative authority for such a proceeding.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25, 31; Dec. Dig. § 17.*]

2. PROCESS (§ 100*) — DECREE UPON CONSTRUCTIVE SERVICE VOID IF CONDITION OF LEGISLATIVE AUTHORITY NOT FULFILLED.

Where a statute authorizes the issue and service, by publication, of a warning order to unknown heirs when the fact appears in the complaint that the names of such heirs are unknown to the plaintiff, an averment in the complaint to that effect is indispensable to the validity of such an or-der and service, and a decree based upon them in its absence is without the jurisdiction of the court and void.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 127; Dec. Dig. § 100.*]

3. JUDGMENT (§ 489*) — COLLATERAL ATTACK FATAL WHERE RECORD DISCLOSES JURISDICTIONAL DEFECT.

While the presumption of the jurisdiction of a court and of the reg-ularity of the proceedings in a court of general jurisdiction protects its judgments from collateral attack, when the record is silent regarding al-leged defects, there is no room for that presumption, it does not arise, and its judgment or decree is void upon collateral attack where the record itself discloses lack of jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 924, 925; Dec. Dig. § 489.*]

4. LIMITATION OF ACTIONS (§ 19*)—STATUTE PROTECTING PURCHASERS AT JU-DICIAL SALES INEFFECTUAL WHERE COURT HAD NO JURISDICTION TO MAKE THEM.

A statute which limits the time within which suits against purchasers at judicial sales to recover lands may be brought to five years after the dates of the sales is inapplicable to cases in which the courts which or-dered the sales never acquired any jurisdiction to make them.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 73; Dec. Dig. § 19.*]

5. EQUITY (§ 87*) — LACHES — NONE WITHIN TIME OF ANALOGOUS STATUTE OF LIMITATIONS AT LAW IN ABSENCE OF EXTRAORDINARY CIRCUMSTANCES—IN-CREASE OF VALUE NOT SUCH A CIRCUMSTANCE.

Under ordinary circumstances a suit in equity will not be stayed for laches before, and will be stayed after, the time fixed by the analogous statute of limitations at law.    But if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fix-ed by the statute, the chancellor will not be bound by the statute, but will

determine the extraordinary case in accordance with the equities which condition it.

Mere increase in the value of property involved' is not such an extraordinary circumstance as will induce a departure from the analogous statute of limitations.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 242; Dec. Dig. § 87.*]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

H. F. Roleson, S. H. Mann, and N. W. Norton, for appellants.
T. E. Hare, for appellees.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. On December 26, 1905, Robert C. Brinkley exhibited his bill in the court below to remove from his title to certain lands in St. Francis Levee District in the state of Arkansas the alleged cloud created by a sale of them made by the St. Francis Levee District on September 1, 1899, by virtue of a decree to enforce the payment of levee assessments that had been theretofore rendered by the chancery court of St. Francis county. The defendants, the Indiana & Arkansas Lumber & Manufacturing Company and Albert' Deutsch, answered that the complainant was entitled to no relief because his title to the lands had been sold to John Parham in 1884 under a decree of the chancery court of St. Francis county rendered by consent of the complainant on October 22, 1883, and because that title had been sold by the St. Francis Levee District in 1899 under the decree to enforce the collection of assessments for the levee. The court below found that there was no evidence of the alleged sale to Parham, that the suit against the complainant and his predecessors in title to sell the land for the levee assessments was without the jurisdiction of the court and void, and it rendered a decree for the complainant from which the defendants have appealed.

Robert C. Brinkley was the owner of the lands in controversy on November 28, 1878, when he died. The title then descended to his children, one of whom was the complainant. In May, 1895, this title was conveyed to Hugh Brinkley, as trustee for the complainant, and this trustee died in 1904, so that the question in the case is whether a superior title was acquired by the defendants by virtue of the tax and assessment proceedings under which they claim the property.

The first specification of error is that the court was mistaken in holding that there was no evidence that the lands were sold to John Parham under the consent decree of the St. Francis circuit court of December 22, 1883, known as the "overdue tax decree," but no evidence of such a sale has been pointed out in the brief or argument of counsel for appellant, and no substantial evidence thereof has been found in the record. All the other specifications challenge the finding

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the court that the alleged title under the sale for the levee assessments was void, and this is the real question in the case. The proceeding for that sale was commenced on February 8, 1895, and was governed by the act of the Legislature of Arkansas of February 15, 1893 (Acts Ark. 1893, p. 24), before that act was amended by the act of April 2, 1895 (Acts Ark. 1895, p. 88).

The proceeding under the act of 1893, before its amendment, was not a proceeding in rem, or a proceeding in the nature of a proceeding in rem, as were the proceedings under the amendment of the act which were considered in Ballard v. Hunter, 204 U. S. 241, 27 Sup. Ct. 261, 51 L. Ed. 461, Id., 74 Ark. 174, 85 S. W. 252, but it was a suit in chancery in personam and it bound only the parties to it. Updegraff v. Marked Tree Lumber Co., 83 Ark. 154, 103 S. W. 606, 607; Wilson v. Gaylord, 77 Ark. 479, 92 S. W. 26. The act of 1893 provided that the board of directors of St. Francis Levee District should be a body politic and corporate, and by that name might sue and be sued, that it might make assessments upon lands within the district for the purpose of constructing a levee, that it might elect a collector, that the collector might enforce payment of the assessments by suits in chancery, that persons having an interest in the lands should be bound by the judgments and decrees therein in the same manner as in other chancery suits, and that the suits "should be conducted in the name of St. Francis Levee District and in accordance with the practice and proceedings of chancery courts." Sections 11, 12, and 13. The general statutes of Arkansas prescribed the method of commencing and carrying forward suits in chancery in that state, and the provisions pertinent to the issues in this case were: The suit shall be commenced by filing a complaint and causing a summons to be issued. Mansfield's Digest of the Laws of Arkansas, § 4967. Where it appears by the affidavit of the plaintiff filed in the clerk's office at or after the commencement of the action that the defendant is a nonresident of the state, the clerk shall make an order on the complaint warning such defendant to appear in the action within 30 days from the time of making the order. Section 4989. Where in an action against the heirs of a person deceased, as unknown heirs, or against other persons made defendants, as unknown owners of property to be divided or disposed of in the suit, it appears by the complaint that the names of such heirs, or any of them, or of such other persons, are unknown to the plaintiff, the warning order, as directed by the last section, shall be made by the clerk against such unknown heirs or owners. Section 4991. Warning orders shall be published weekly for at least four weeks. Section 4990. A defendant against whom a warning order has been made and published shall be deemed to be constructively summoned on the thirtieth day after the making of the order, and the action may proceed accordingly. Section 4992. Before judgment is rendered against a defendant constructively summoned, it shall be necessary that an attorney be appointed at least 60 days before the judgment is rendered to defend for the defendant and inform him of the action and of such other matters as may be useful to him in preparing for his defense. The attorney may be appointed by the clerk when the warning order is made, or by the court, and

shall receive a reasonable compensation for his services, to be paid by the plaintiff and taxed in the costs. Section 5190.

The suit to enforce the payment of the assessments for the levee, so far as it is necessary to set it forth, ran in this way: On February 8, 1895, there was filed in the chancery court of St. Francis county a complaint entitled "W. R. Kendrick, as Collector for and in behalf of St. Francis Levee District, Plaintiff, v. Brinkley Heirs, Heirs of R. C. Brinkley, Deceased, Defendants," in which the plaintiff averred that the following lands belonging to the defendants, "see list for 1893 and 1894 pasted hereon as part hereof," were assessed and taxes thereon were levied for levee purposes, that the taxes had not been paid, "that the defendants, the Brinkley heirs, heirs of R. C. Brinkley, dec., are nonresidents of the state of Arkansas," and prayed for a sale of the lands to pay the taxes. On the same day the clerk indorsed a warning order upon the complaint to "Brinkley heirs, heirs of R. C. Brinkley, dec.," and appointed S. H. Mann attorney ad litem for them, who on March 18, 1895, reported that the place of residence of the defendants was unknown to him, that he had made inquiry but had not been able to ascertain same, and therefore he had not communicated with them. A warning order entitled "W. R. Kendrick, as Collector for and in behalf of St. Francis Levee District, Plaintiff, v. Unknown Heirs of R. C. Brinkley, Dec'd, Defendants," directed to "the defendants, heirs of R. C. Brinkley, dec'd," was published. There was no description of any of the lands in the warning order and none in the complaint, unless the list of lands which the clerk found folded in the complaint detached was once pasted or attached to it. The jurisdiction of the chancery court of St. Francis county to render the decree against the complainant and his predecessors in interest was challenged, (1) because no warning order directed to any of them was ever made or published, (2) because no suit was brought "in the name of St. Francis Levee District" (section 13, Act 1893), and (3) because there was no description of the lands in the complaint or in the warning order.

The basic principle of the jurisprudence of the English-speaking nations is that no person shall be deprived of his life, liberty, or property without due process of law; that is to say, without notice and an opportunity to be heard before the decision respecting the justice of the disposition of his life, liberty, or property that is sought. Const. U. S. Amend. 14; Const. Ark. art. 2, § 21; 2 Kent's Comm. 13; Alexander v. Gordon, 101 Fed. 91, 96, 98, 41 C. C. A. 228. In the absence of legislative power to proceed otherwise, there is but one way to make a person a party to a suit or to direct to him an adequate notice of a proceeding to deprive him of his property or to bring his person within the jurisdiction of a court, and that is to direct the notice to him by his name and to serve it upon him in person. And where the authority is granted by a statute to notify him otherwise on certain conditions, those conditions must be fulfilled, the method prescribed must be substantially followed or the court fails to obtain jurisdiction of his person, and its decree against him is ineffectual and void. There was a provision of the statutes of Arkansas that, upon condition that it appeared in the complaint that the heirs of a

deceased person or the owners of property to be disposed of in a suit were unknown, a warning order might be made by the clerk against such unknown heirs or owners. But there was no other provision in the legislation of Arkansas whereby the heirs of a deceased person might be brought within the jurisdiction of one of its courts in a personal action without making them parties to the suit by name. The expression of one method of obtaining constructive service of such parties is the exclusion of all others, and this legislation was a denial of authority to obtain jurisdiction of unknown heirs or owners by constructive service in any other way than that there prescribed. The plaintiff in the suit to enforce the levee assessment either knew, or he did not know, who the heirs of R. C. Brinkley were. If he knew, there was but one way in which he could bring them within the jurisdiction of the court, and that was by making them defendants by their true names both in his complaint and in his warning order, and by directing the order to them by those names, for there was no authority granted by statute, by the common law, or by the practice of the courts to obtain jurisdiction of a defendant, whose name was known, in a personal suit in any other way. There was no statutory or other authority to obtain jurisdiction of such a defendant in a personal suit by publishing a notice to a class of which he might be a member without naming him. If, on the other hand, the plaintiff did not know the names of those heirs, there was only one way in which he could bring them within the jurisdiction of the court, and that was by averring that fact in his complaint and procuring a warning order directed to them as unknown heirs. He pursued neither course. He did not make the defendant, or the other heirs of R. C. Brinkley, deceased, defendants by their names, and the court acquired no jurisdiction of them if their names were known to him, and he did not allege in his complaint that their names were unknown to him, and the court acquired no jurisdiction of them if their names were not known to him. The inevitable conclusion is that where, in a suit in personam in chancery, the only authority to obtain jurisdiction of persons by publishing a warning order directed to heirs of a deceased person without naming them is conditioned by the appearance in the complaint of the averment that their names are unknown, the court acquires no jurisdiction of them by the issue and publication of such an order in the absence of the requisite averment.

Counsel for the appellants rely upon Huling v. Kaw Valley Railway & Improvement Co., 130 U. S. 559, 9 Sup. Ct. 603, 32 L. Ed. 1045, and Ballard v. Hunter, 204 U. S. 241, 262, 27 Sup. Ct. 261, 51 L. Ed. 461, to sustain the service of the warning order in this case. But those were suits in the nature of proceedings in rem in which the land and not the person was the real defendant. The case last cited arose under the amendment of the act of 1893 (Acts 1895, p. 88), which was made for the purpose of transforming the proceeding from a suit in chancery to a proceeding in rem, and which provided that the subsequent proceedings under that amendment should be entitled "St. Francis Levee District v. Delinquent Lands," that a notice of the suit, which should contain a description of the lands and should be

addressed to the parties named therein "and all others having or claiming an interest in the following described lands," should be published, and that the proceedings and judgment "should be in the nature of proceedings in rem." No such provisions can be found in the original act of 1893, which controls this case. There was no such notice in the original suit here in question. The lands were not described in the warning order which was published, and there was no description of them in the complaint, unless the folded list found in the complaint but not attached thereto was originally a part of it. The proceeding to enforce the assessments for the levee in this case was a mere chancery suit in personam, and it is governed by the basic principles of law to which we have adverted, and not by the decisions cited, which treat of proceedings in the nature of proceedings in rem and not of personal suits in chancery.

Attention is called to a provision of section 13 of the act of 1893 which reads "that no informality or irregularity in holding the meetings, or in the description or valuation of the lands, or in the name of the owners or the numbers of acres therein, shall be a valid defense to such action." But this enactment manifestly relates to the defense to the original action in the state court to enforce the assessment, not to suits of the nature here pending to challenge the jurisdiction of that court to render its decree, and it is ineffectual to confer upon the chancery court of St. Francis county jurisdiction of a person who was never made a party to the suit before it or served with summons, notice, or warning order in it.

On the day when the complaint in the original suit was filed the clerk appointed one Mann attorney ad litem for the defendants; but the statute provided that this appointment should be made for defendants constructively served with the warning order, and, as the complainant and his predecessors in interest were never parties, never defendants, never within the jurisdiction of the chancery court of St. Francis county in that state, the appointment and the action of that attorney were without authority and ineffectual.

Counsel invoke the presumption in favor of the regularity of the proceedings of a court of general jurisdiction, which protects its decrees against collateral attack where its record is silent regarding alleged defects, but there is no room for presumptions where the crucial facts appear upon the face of the record, and this presumption does not arise where the record itself discloses a fatal lack of jurisdiction. The complaint in the suit to enforce the assessments is before us, and it contains no averment that the names of the heirs of Brinkley were unknown to the plaintiff. The decree in that case is therefore void on its face, both against direct and against collateral attack, and it must be disregarded. Johnson v. Hunter, 147 Fed. 133, 137, 77 C. C. A. 359, 363; Galpin v. Page, 18 Wall. 350, 366, 21 L. Ed. 959; Settlemier v. Sullivan, 97 U. S. 444, 448, 24 L. Ed. 1110; Parr v. Matthews, 50 Ark. 390, 393, 8 S. W. 22; Cross v. Wilson, 52 Ark. 312, 12 S. W. 576; Martin v. McDiarmid, 55 Ark. 213, 216, 17 S. W. 877; Gregory v. Bartlett, 55 Ark. 30, 35, 17 S. W. 344; Dick v. Foraker, 155 U. S. 404, 15 Sup. Ct. 124, 39

L. Ed. 201; Barber v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. St. Rep. 836; Murphy v. Lyons, 19 Neb. 689, 28 N. W. 328; Ely v. Tallman, 14 Wis. 28; Clark v. Thompson, 47 Ill. 25, 95 Am. Dec. 457. It is not necessary to consider the other objections to the decree, for the court below held it void, and, as its decision was right, it could not be reversed even if it were founded on a wrong reason.

This suit was not brought until more than five years after the sale of the land under the decree, and counsel invoke section 5060 of Kirby's Digest of the Laws of Arkansas, which limits the time within which a suit against a purchaser, his heirs or assigns, for the recovery of lands sold at a judicial sale, may be brought, to five years after the sale. But a judicial sale is one made by direction of a court or judge who has lawful authority to cause it to be made. This sale was not a judicial sale, because the chancery court of St. Francis county never had jurisdiction of the heirs of R. C. Brinkley, or of their title to the land, and hence never had lawful authority to sell it. The statute of limitations here cited governs proceedings against purchasers at sales by direction of a court which has acquired lawful authority to order them, but it is ineffectual to validate or protect sales directed by a court which was without jurisdiction or lawful power to make them. Alexander v. Gordon, 101 Fed. 91, 97, 41 C. C. A. 228; Pursley v. Hayes, 22 Iowa, 11, 25, 92 Am. Dec. 350; Boyles v. Boyles, 37 Iowa, 592; Good v. Norley, 28 Iowa, 188; Rankin v. Miller, 43 Iowa, 11, 21; Feller v. Clark, 36 Minn. 338, 340, 31 N. W. 175; Kipp v. Fernhold, 37 Minn. 132, 134, 33 N. W. 697; Baker v. Kelley, 11 Minn. 480 (Gil. 358); Smith v. Kipp, 49 Minn. 119, 125, 51 N. W. 656.

Finally, counsel contend that the complainant was guilty of laches, which should prevent his recovery. But an action at law to recover the property would not have been barred in less than seven years. Kirby's Digest, § 5056. The land was wild and unoccupied. No one took possession or asserted title to it adverse to the complainant until the lumber company bought its alleged title under the decree for the levee assessment in 1899, and this suit was brought in 1905. The established rule for the administration of the doctrine of laches in equity is that under ordinary circumstances a suit in equity will not be stayed before, and will be stayed after, the time fixed by the analogous statute of limitations at law. But if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fixed by the statute, the chancellor will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it. Kelley v. Boettcher, 29 C. C. A. 14, 21, 85 Fed. 55, 62, and cases there cited; Billings v. Smelting Company, 2 C. C. A. 252, 262, 263, 51 Fed. 338, 349; Bogan v. Mortgage Company, 11 C. C. A. 128, 135, 63 Fed. 192, 199. No extraordinary circumstances or unusual conditions, except that between 1895 and 1905 the land increased in value from a few cents to $7 an acre, have been suggested. While a striking change in value is always to be considered, the mere fact that there has been a great appreciation or

depreciation after the defendants acquired their claim and before the suit was brought is not ordinarily sufficient, and is not sufficient in this case, to turn aside the ordinary course of judicial proceedings. There are no rights of innocent purchasers, no expensive improvements made by them in reliance upon their purchases, no loss of muniments of title to appeal to the conscience of a chancellor, and the complainant's equitable right to remove the cloud he assails has not been lost by laches.

The decree of the court below must be affirmed, and it is so ordered.